**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-01546-REB-CBS

The Direct Marketing Association,

    Plaintiff,

    v.

Roxy Huber, in her capacity as Executive Director, Colorado Department of Revenue,

    Defendant.

---

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
TO EXCEED PAGE LIMITATION**
_____

The Plaintiff, the Direct Marketing Association ("the DMA"), moves for leave to exceed the Court's page limitation for motions set forth in REB Civ. Practice Standard V.B.1., in connection with the DMA's motion for a preliminary injunction, which the DMA expects to file within the next ten (10) business days. As grounds therefor, the DMA states as follows:

    1.    Pursuant to D.C.COLO.LCivR. 7.1A., counsel for the DMA has conferred with counsel for the Defendant. The Defendant has no objection to the DMA's request to file a Motion for Preliminary Injunction that is no more than 40 pages in length, as requested in this motion.

2.     The DMA brings this action, on behalf of its affected members and their customers, challenging the constitutionality of provisions of a new Colorado statute, House Bill 10-1193, "An Act Concerning The Collection Of Sales And Use Taxes On Sales Made By Out-Of-State Retailers, And Making An Appropriation Therefor" ("the Act"), and the regulations adopted by the Colorado Department of Revenue ("Department") to implement the Act, which impose notice and reporting requirements solely on out-of-state retailers who do not collect Colorado sales tax.  The Act and regulations require each affected out-of-state retailer to inform its purchasers of their obligation to pay Colorado use tax and to file a report annually with the Department disclosing the name, billing address, shipping address, and dollar amount of products purchased of each of the retailer's customers.

3.     The DMA contends in its complaint that the notice and reporting requirements of the Act, and of the regulations promulgated thereunder by the Department, violate both the United States Constitution and the Colorado Constitution by: (a) imposing discriminatory treatment on out-of-state retailers lacking any physical presence in the state; (b) trampling the right to privacy of Colorado residents, as well as certain non-residents; (c) chilling the exercise of free speech by certain purchasers and vendors of products that have expressive content; (d) exposing confidential information regarding consumers and their purchases to the risk of data security breaches; and (e) depriving retailers, without due process or fair compensation, of both the value of their proprietary customer lists and the substantial investment made to protect such lists from disclosure.  The DMA challenges the Act's constitutionality under the Commerce

Clause, the First, Fifth and Fourteenth Amendments, and similar provisions of Article II of the Colorado Constitution.

4. Affected DMA members and out-of-state retailers, as well as their customers, face imminent and irreparable harm as a result of the unconstitutional requirements imposed by the Act and regulations.

5. Because the Complaint raises many important constitutional issues, the DMA anticipates this action will be closely followed by many other states and parties.

6. Given the significance and complexity of the issues presented in this case, the DMA requests leave to exceed the page limitations for motions set forth in this Court's Practice Standards for Civil Actions, REB Civ. Practice Standard V.B.1., and to file a Motion for Preliminary Injunction that is no more than 40 pages in length. Counsel for the DMA will make every attempt to ensure that the DMA's motion is concise and helpful to the Court's determination of whether to grant a preliminary injunction.

7. For these reasons, good cause exists for an enlargement of this Court's page limitation for motions.

8. In accordance with D.C.COLO.LCivR. 7.1F. and REB Civ. Practice Standard V.D.1., the DMA submits with this motion a proposed form of Order Regarding Plaintiff's Unopposed Motion For Leave To Exceed Page Limitation.

WHEREFORE, the DMA requests this Court enter an Order granting it leave to file a motion for preliminary injunction not to exceed 40 pages.

Respectfully submitted this 30th day of July, 2010.

/s/ Matthew P. Schaefer
George S. Isaacson
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel.: (207) 786−3566
Fax:  (207) 783-9325
E-mail: gisaacson@brannlaw.com
         mschaefer@brannlaw.com
*Attorneys for The Direct Marketing Association*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2010, I electronically filed the foregoing, Plaintiff's Unopposed Motion For Leave To Exceed Page Limitation, with accompanying proposed order, using the CM/ECF system, which will send notification of such filing to counsel of record:

>Stephanie Lindquist Scoville
>Senior Assistant Attorney General
>State of Colorado
>1525 Sherman Street, 7th Floor
>Denver, CO 80203
>stephanie.scoville@state.co.us
>
>Robert H. Dodd, Jr.
>Senior Assistant Attorney General
>State of Colorado
>1525 Sherman Street, 7th Floor
>Denver, CO 80203
>robert.dodd@state.co.us
>
>Attorneys for Defendant

/s/ Matthew P. Schaefer
Matthew P. Schaefer