EXHIBIT A

**Second Regular Session**
**Sixty-seventh General Assembly**
**STATE OF COLORADO**

**REREVISED**

*This Version Includes All Amendments*
*Adopted in the Second House*

LLS NO. 10-0739.01 Esther van Mourik

**HOUSE BILL 10-1193**

**HOUSE SPONSORSHIP**

Pommer,

**SENATE SPONSORSHIP**

Heath,

**House Committees**
Finance
Appropriations

**Senate Committees**
Finance
Appropriations

**A BILL FOR AN ACT**

101    CONCERNING THE COLLECTION OF SALES AND USE TAXES ON SALES
102        MADE  BY  OUT-OF-STATE  RETAILERS,  AND  MAKING  AN
103        APPROPRIATION THEREFOR.

**Bill Summary**

*(Note: This summary applies to this bill as introduced and does not reflect any amendments that may be subsequently adopted. If this bill passes third reading in the house of introduction, a bill summary that applies to the reengrossed version of this bill will be available at http://www.leg.state.co.us/billsummaries.)*

**Section 1** of the bill relates to current law requiring a retailer to collect sales tax from a person residing in this state only if the retailer has sufficient connections with this state. Commencing March 1, 2010, section 1 articulates a presumption that any out-of-state retailer that has

Shading denotes HOUSE amendment. Double underlining denotes SENATE amendment.
*Capital letters indicate new material to be added to existing statute.*
*Dashes through the words indicate deletions from existing statute.*

SENATE
Amended 3rd Reading
February 10, 2010

SENATE
Amended 2nd Reading
February 8, 2010

HOUSE
3rd Reading Unamended
February 1, 2010

HOUSE
Amended 2nd Reading
January 29, 2010

a referral relationship with an affiliate has an obligation to collect sales tax. The bill specifies that the presumption may be rebutted by the out-of-state retailer if the retailer can show that the affiliate with whom the retailer has such a relationship did not engage in active solicitation. The bill defines an affiliate as a person residing in this state that solicits business by means of a public forum in this state.

Section 2 specifies that, for purposes of any efforts to collect use tax, the executive director of the department of revenue may issue a subpoena to any out-of-state retailer if the out-of-state retailer refuses to voluntarily furnish specific information when requested and may take the out-of-state retailer's testimony under oath. If the out-of-state retailer fails or refuses to respond to the subpoena and give testimony, the executive director may apply to any judge of the district court of the state of Colorado for an attachment against the out-of-state retailer for contempt.

1    *Be it enacted by the General Assembly of the State of Colorado:*

2    **SECTION 1.**  39-26-102 (3) (b) and (8), Colorado Revised

3    Statutes, are amended to read:

4    **39-26-102. Definitions.** As used in this article, unless the context

5    otherwise requires:

6    (3)  "Doing business in this state" means the selling, leasing, or

7    delivering in this state, or any activity in this state in connection with the

8    selling, leasing, or delivering in this state, of tangible personal property

9    by a retail sale as defined in this section, for use, storage, distribution, or

10   consumption within this state. This term includes, but shall not be limited

11   to, the following acts or methods of transacting business:

12   (b) (I)  The soliciting, either by direct representatives, indirect

13   representatives, manufacturers' agents, or by distribution of catalogues or

14   other advertising, or by use of any communication media, or by use of the

15   newspaper, radio, or television advertising media, or by any other means

16   whatsoever, of business from persons residing in this state and by reason

17   thereof receiving orders from, or selling or leasing tangible personal

-2-                                                        1193

1   property to, such persons residing in this state for use, consumption,

2   distribution, and storage for use or consumption in this state.

3       (II) COMMENCING MARCH 1, 2010, IF A RETAILER THAT DOES NOT

4   COLLECT COLORADO SALES TAX IS PART OF A CONTROLLED GROUP OF

5   CORPORATIONS, AND THAT CONTROLLED GROUP HAS A COMPONENT

6   MEMBER THAT IS A RETAILER WITH PHYSICAL PRESENCE IN THIS STATE,

7   THE RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX IS

8   PRESUMED TO BE DOING BUSINESS IN THIS STATE. FOR PURPOSES OF THIS

9   SUBPARAGRAPH (II), "CONTROLLED GROUP OF CORPORATIONS" HAS THE

10   SAME MEANING AS SET FORTH IN SECTION 1563 (a) OF THE FEDERAL

11   "INTERNAL REVENUE CODE OF 1986", AS AMENDED, AND "COMPONENT

12   MEMBER" HAS THE SAME MEANING AS SET FORTH IN SECTION 1563 (b) OF

13   THE FEDERAL "INTERNAL REVENUE CODE OF 1986", AS AMENDED. THIS

14   PRESUMPTION MAY BE REBUTTED BY PROOF THAT DURING THE CALENDAR

15   YEAR IN QUESTION, THE COMPONENT MEMBER THAT IS A RETAILER WITH

16   PHYSICAL PRESENCE IN THIS STATE DID NOT ENGAGE IN ANY

17   CONSTITUTIONALLY SUFFICIENT SOLICITATION IN THIS STATE ON BEHALF

18   OF THE RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX.

19       (8) "Retailer" or "vendor" means a person doing a retail business

20   IN THIS STATE, known to the trade and public as such, and selling to the

21   user or consumer, and not for resale.

22       **SECTION 2.** 39-21-112, Colorado Revised Statutes, is amended

23   BY THE ADDITION OF A NEW SUBSECTION to read:

24       **39-21-112.   Duties and powers of executive director.**

25   (3.5) (a) IF ANY RETAILER THAT DOES NOT COLLECT COLORADO SALES

26   TAX REFUSES VOLUNTARILY TO FURNISH ANY OF THE INFORMATION

27   SPECIFIED IN SUBSECTION (1) OF THIS SECTION WHEN REQUESTED BY THE

1193

1   EXECUTIVE DIRECTOR OF THE DEPARTMENT OF REVENUE OR HIS OR HER

2   EMPLOYEE, AGENT, OR REPRESENTATIVE, THE EXECUTIVE DIRECTOR, BY

3   SUBPOENA ISSUED UNDER THE EXECUTIVE DIRECTOR'S HAND, MAY

4   REQUIRE THE ATTENDANCE OF THE __ RETAILER AND THE PRODUCTION BY

5   HIM OR HER OF ANY OF THE FOREGOING INFORMATION IN THE _____

6   RETAILER'S POSSESSION AND MAY ADMINISTER AN OATH TO HIM OR HER

7   AND TAKE HIS OR HER TESTIMONY. IF THE __ RETAILER FAILS OR REFUSES

8   TO RESPOND TO SAID SUBPOENA AND GIVE TESTIMONY, THE EXECUTIVE

9   DIRECTOR MAY APPLY TO ANY JUDGE OF THE DISTRICT COURT OF THE

10  STATE OF COLORADO TO ENFORCE SUCH SUBPOENA BY ANY APPROPRIATE

11  ORDER, INCLUDING, IF APPROPRIATE, AN ATTACHMENT AGAINST THE __

12  RETAILER AS FOR CONTEMPT, AND UPON HEARING, SAID JUDGE HAS, FOR

13  THE PURPOSE OF ENFORCING OBEDIENCE TO THE REQUIREMENTS OF SAID

14  SUBPOENA, POWER TO MAKE SUCH ORDER AS, IN HIS OR HER DISCRETION,

15  HE OR SHE DEEMS CONSISTENT WITH THE LAW FOR PUNISHMENT OF

16  CONTEMPTS.

17       (b)  FOR PURPOSES OF THIS SUBSECTION (3.5), "RETAILER" SHALL

18  HAVE THE SAME MEANING AS SET FORTH IN SECTION 39-26-102 (8).

19       (c) (I)  EACH RETAILER THAT DOES NOT COLLECT COLORADO SALES

20  TAX SHALL NOTIFY COLORADO PURCHASERS THAT SALES OR USE TAX IS

21  DUE ON CERTAIN PURCHASES MADE FROM THE RETAILER AND THAT THE

22  STATE OF COLORADO REQUIRES THE PURCHASER TO FILE A SALES OR USE

23  TAX RETURN.

24       (II)  FAILURE TO PROVIDE THE NOTICE REQUIRED IN SUBPARAGRAPH

25  (I) OF THIS PARAGRAPH (c) SHALL SUBJECT THE RETAILER TO A PENALTY

26  OF FIVE DOLLARS FOR EACH SUCH FAILURE, UNLESS THE RETAILER SHOWS

27  REASONABLE CAUSE FOR SUCH FAILURE.

1    (d) (I) (A)  EACH RETAILER THAT DOES NOT COLLECT COLORADO

2    SALES TAX SHALL SEND NOTIFICATION TO ALL COLORADO PURCHASERS BY

3    JANUARY 31 OF EACH YEAR SHOWING SUCH INFORMATION AS THE

4    COLORADO DEPARTMENT OF REVENUE SHALL REQUIRE BY RULE AND THE

5    TOTAL AMOUNT PAID BY THE PURCHASER FOR COLORADO PURCHASES

6    MADE FROM THE RETAILER IN THE PREVIOUS CALENDAR YEAR.  SUCH

7    NOTIFICATION SHALL INCLUDE, IF AVAILABLE, THE DATES OF PURCHASES,

8    THE AMOUNTS OF EACH PURCHASE, AND THE CATEGORY OF THE PURCHASE,

9    INCLUDING, IF KNOWN BY THE RETAILER, WHETHER THE PURCHASE IS

10   EXEMPT OR NOT EXEMPT FROM TAXATION.  THE NOTIFICATION SHALL

11   STATE THAT THE STATE OF COLORADO REQUIRES A SALES OR USE TAX

12   RETURN TO BE FILED AND SALES OR USE TAX PAID ON CERTAIN COLORADO

13   PURCHASES MADE BY THE PURCHASER FROM THE RETAILER.

14   (B)  THE NOTIFICATION SPECIFIED IN SUB-SUBPARAGRAPH (A) OF

15   THIS SUBPARAGRAPH (I) SHALL BE SENT SEPARATELY TO ALL COLORADO

16   PURCHASERS BY FIRST-CLASS MAIL AND SHALL NOT BE INCLUDED WITH

17   ANY OTHER SHIPMENTS.  THE NOTIFICATION SHALL INCLUDE THE WORDS

18   "IMPORTANT TAX DOCUMENT ENCLOSED" ON THE EXTERIOR OF THE

19   MAILING. THE NOTIFICATION SHALL INCLUDE THE NAME OF THE RETAILER.

20   (II) (A)  EACH RETAILER THAT DOES NOT COLLECT COLORADO

21   SALES TAX SHALL FILE AN ANNUAL STATEMENT FOR EACH PURCHASER TO

22   THE DEPARTMENT OF REVENUE ON SUCH FORMS AS ARE PROVIDED OR

23   APPROVED BY THE DEPARTMENT SHOWING THE TOTAL AMOUNT PAID FOR

24   COLORADO PURCHASES OF SUCH PURCHASERS DURING THE PRECEDING

25   CALENDAR YEAR OR ANY PORTION THEREOF, AND SUCH ANNUAL

26   STATEMENT SHALL BE FILED ON OR BEFORE MARCH 1 OF EACH YEAR.

27   (B)  THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF REVENUE

1    MAY REQUIRE ANY RETAILER THAT DOES NOT COLLECT COLORADO SALES

2    TAX THAT MAKES TOTAL COLORADO SALES OF MORE THAN ONE HUNDRED

3    THOUSAND DOLLARS IN A YEAR TO FILE THE ANNUAL STATEMENT

4    DESCRIBED IN SUB-SUBPARAGRAPH (A) OF THIS SUBPARAGRAPH (II) BY

5    MAGNETIC MEDIA OR ANOTHER MACHINE-READABLE FORM FOR THAT

6    YEAR.

7        (III) (A)   FAILURE TO SEND THE NOTIFICATION REQUIRED IN

8    SUBPARAGRAPH (I) OF THIS PARAGRAPH (d) SHALL SUBJECT THE RETAILER

9    TO A PENALTY OF TEN DOLLARS FOR EACH SUCH FAILURE, UNLESS THE

10   RETAILER SHOWS REASONABLE CAUSE FOR SUCH FAILURE.

11       (B)   FAILURE TO FILE THE ANNUAL STATEMENT REQUIRED IN

12   SUB-SUBPARAGRAPH (A) OF SUBPARAGRAPH (II) OF THIS PARAGRAPH (d)

13   SHALL SUBJECT THE RETAILER TO A PENALTY OF TEN DOLLARS FOR EACH

14   PURCHASER THAT SHOULD HAVE BEEN INCLUDED IN SUCH ANNUAL

15   STATEMENT, UNLESS THE RETAILER SHOWS REASONABLE CAUSE FOR SUCH

16   FAILURE.

17       **SECTION 3.**  Part 1 of article 21 of title 39, Colorado Revised

18   Statutes, is amended BY THE ADDITION OF A NEW SECTION to

19   read:

20       **39-21-122.  Revenue impact of 2010 tax legislation - tracking**

21   **by department.** THE DEPARTMENT OF REVENUE SHALL ACCOUNT FOR ALL

22   REVENUE ATTRIBUTABLE TO THE ENACTMENT OF HOUSE BILL 10-1193,

23   ENACTED IN 2010, AND SHALL, TO THE EXTENT SUCH INFORMATION IS

24   AVAILABLE, MAKE QUARTERLY REPORTS TO THE GENERAL ASSEMBLY

25   REGARDING THE QUARTERLY AND CUMULATIVE NET REVENUE GAIN TO THE

26   STATE RESULTING FROM THE ENACTMENT OF SAID BILL.

27       **SECTION 4.**  Part 1 of article 75 of title 24, Colorado Revised

1  Statutes, is amended BY THE ADDITION OF A NEW SECTION to

2  read:

3      **24-75-113. 2010 bills to increase state revenue - prohibition on**

4  **hiring of new state employees.**   NO MONEYS DERIVED FROM THE

5  INCREASE IN STATE REVENUES RESULTING FROM THE PASSAGE OF HOUSE

6  BILL 10-1193, ENACTED IN 2010, SHALL BE APPROPRIATED FOR THE

7  PURPOSE OF FUNDING ADDITIONAL FULL TIME EQUIVALENT STATE

8  EMPLOYEES, EXCEPT FOR ANY FULL TIME EQUIVALENT STATE EMPLOYEES

9  NECESSARY TO ENFORCE THE PROVISIONS OF SAID HOUSE BILL 10-1193.

10     **SECTION 5.  Appropriation.**  (1) In addition to any other

11  appropriation, there is hereby appropriated, out of any moneys in the

12  general fund not otherwise appropriated, to the department of revenue, for

13  allocation to the taxation business group, for the fiscal year beginning

14  July 1, 2010, the sum of one hundred thirty-one thousand five hundred

15  eighty-four dollars ($131,584) and 1.0 FTE, or so much thereof as may

16  be necessary, for the implementation of this act.

17     (2)  In addition to any other appropriation, there is hereby

18  appropriated to the department of law, for the fiscal year beginning July

19  1, 2010, the sum of forty thousand dollars ($40,000), or so much thereof

20  as may be necessary, for the provision of legal services to the department

21  of revenue related to the implementation of this act.  Said sum shall be

22  from reappropriated funds received from the department of revenue out

23  of the appropriation made in subsection (1) of this section.

24     (3)  In addition to any other appropriation, there is hereby

25  appropriated, out of any moneys in the general fund not otherwise

26  appropriated, to the department of revenue, for allocation to the taxpayer

27  service division for the fiscal year beginning July 1, 2010, the sum of

1193

1    thirty thousand dollars ($30,000), or so much thereof as may be

2    necessary, for the implementation of this act.

3        **SECTION 6. Safety clause.** The general assembly hereby finds,

4    determines, and declares that this act is necessary for the immediate

5    preservation of the public peace, health, and safety.