IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01546-REB-CBS

The Direct Marketing Association,

      Plaintiff,

      v.

Roxy Huber, in her capacity as Executive
   Director, Colorado Department of Revenue,

      Defendant.

---

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME AND
FOR LEAVE TO EXCEED PAGE LIMITATION IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [DOC.14]**
_____

The Plaintiff, the Direct Marketing Association ("the DMA"), moves, without objection from the Defendant, for a one week extension of time (to August 27, 2010), and for leave to exceed the Court's page limitation for motions set forth in REB Civ. Practice Standard V.B.1., in connection with the DMA's opposition to the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 14] ("Motion to Dismiss"). As grounds for this motion, the DMA states as follows:

      1.    This action concerns the constitutionality of the provisions of a new Colorado statute, House Bill 10-1193, "An Act Concerning The Collection Of Sales And Use Taxes On Sales Made By Out-Of-State Retailers, And Making An Appropriation

Therefor" ("the Act"), and the regulations adopted by the Colorado Department of Revenue ("Department") to implement the Act, which impose notice and reporting requirements solely on out-of-state retailers who do not collect Colorado sales tax. The DMA's eight-count complaint raises a number of complex constitutional issues, some of which are matters of first impression, concerning the DMA's contentions that the Act and regulations: (a) impose discriminatory treatment on out-of-state retailers lacking any physical presence in the state; (b) trample the right to privacy of Colorado residents, as well as certain non-residents; (c) chill the exercise of free speech by certain purchasers and vendors of products that have expressive content; (d) expose confidential information regarding consumers and their purchases to the risk of data security breaches; and (e) deprive retailers, without due process or fair compensation, of both the value of their proprietary customer lists and the substantial investment made to protect such lists from disclosure.

2. The Defendant on July 30, 2010, filed a 36-page Motion to Dismiss the DMA's complaint on multiple grounds, asserting that: the DMA lacks standing to bring the suit; the Court otherwise lacks subject matter jurisdiction over certain claims; and the complaint fails to state a claim upon which relief may be granted with respect to several of the counts. The DMA's opposition is currently due on August 20, 2010.

3. The opportunity for the DMA to respond fully to each of the Defendant's arguments in support of her Motion to Dismiss is vital to the DMA's ability to pursue and protect the constitutional rights of its members affected by the new law and of their Colorado customers whose personal purchasing history information must be disclosed

to the Department under the Act and regulations. The outcome of the motion to dismiss will determine whether the DMA's suit goes forward and on what counts, and thus will directly impact the Court's administration of this action.

4. Prior to the filing of the Defendant's Motion to Dismiss, and in light of the complexity of the action, the DMA assented to the Defendant's request for a one-week extension of the time to file her Motion to Dismiss and for an enlargement of this Court's page limitation for motions to forty (40) pages.

5. The Court granted the Defendant's motion for extension of time and an enlargement of the page limit by order dated July 21, 2010.

6. The DMA seeks relief which precisely parallels the extension of time and enlargement of the page limit previously granted to the Defendant. Counsel for the DMA has conferred with counsel for the Defendant in accordance with D.C.COLO.LCivR. 7.1A, and the Defendant has no objection to the DMA's motion. Thus, the Defendant will not be prejudiced if the Court grant's the DMA such relief.

7. The DMA is cognizant of this Court's admonition in REB Civ. Practice Standard II.G.1 regarding motions for extension of time. The DMA respectfully submits that granting the DMA's motion will have no adverse impact on case management. No scheduling order has yet been entered in the case. (The Scheduling Conference is set for September 23, 2010). Permitting the DMA an extension of time and enlargement of the page limit that parallels whose granted the Defendant will, moreover, promote the Court's evaluation of the merits of the Defendant's Motion to Dismiss, so that further proceedings in the case may be determined accordingly.

8. The DMA has not previously requested or been allowed any extensions of time. With regard to the enlargement of the page limit, counsel for the DMA will make every attempt to ensure that the DMA's motion is concise and helpful to the Court's evaluation on the motion to dismiss.

9. In these circumstances, and given the complexity of the issues presented in this case and the significance of the Defendant's motion to further proceedings, the DMA respectfully submits that good cause exists for the allowance of its motion in accordance with the standards of REB Civ. Practice Standard II.G.1.

10. This motion is timely filed under REB Civ. Practice Standard II.G.2.

11. Pursuant to D.C.COLO.LCivR. 7.1F. and REB Civ. Practice Standard V.D.1., the DMA submits with this motion a proposed form of order regarding this unopposed motion.

WHEREFORE, the DMA requests this Court enter an Order granting it an extension of time through **August 27, 2010**, and leave to file an opposition to the Defendant's Motion to Dismiss **not to exceed forty (40) pages** in length.

Dated: August 13, 2010

/s/ Matthew P. Schaefer
George S. Isaacson
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel.: (207) 786−3566
Fax: (207) 783-9325
E-mail: gisaacson@brannlaw.com
mschaefer@brannlaw.com
*Attorneys for The Direct Marketing Association*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2010, I electronically filed the foregoing, Plaintiff's Unopposed Motion For Extension of Time and For Leave To Exceed Page Limitation In Opposition to the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 14], with accompanying proposed order, using the CM/ECF system, which will send notification of such filing to counsel of record:

        Stephanie Lindquist Scoville
        Senior Assistant Attorney General
        State of Colorado
        1525 Sherman Street, 7th Floor
        Denver, CO 80203
        stephanie.scoville@state.co.us

        Robert H. Dodd, Jr.
        Senior Assistant Attorney General
        State of Colorado
        1525 Sherman Street, 7th Floor
        Denver, CO 80203
        robert.dodd@state.co.us

        Attorneys for Defendant

        /s/ Matthew P. Schaefer
        Matthew P. Schaefer