IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01546-REB-CBS

THE DIRECT MARKETING ASSOCIATION,

     Plaintiff,

v.

ROXY HUBER, in her capacity as Executive Director,
COLORADO DEPARTMENT OF REVENUE,

     Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION 1) FOR LIMITED EXPEDITED DISCOVERY, 2) TO CONSOLIDATE PRELIMINARY INJUNCTION PROCEEDINGS WITH A TRIAL ON THE MERITS ON PLAINTIFF'S COMMERCE CLAUSE CLAIMS, 3) TO STAY PROCEEDINGS ON PLAINTIFF'S REMAINING CLAIMS, AND 4) IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME IN WHICH DEFENDANT MAY RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND REPLY IN SUPPORT OF HER MOTION TO DISMISS**

---

Defendant, Roxy Huber, in her official capacity as the Executive Director of the Colorado Department of Revenue ("Director") or ("Department") respectfully requests, without opposition from Plaintiff, the Direct Marketing Association ("Plaintiff"), that the Court enter an order in three parts.  First, Defendant moves for an order permitting limited expedited discovery on Plaintiff's Commerce Clause claims and the issues raised by Plaintiff in its Motion for Preliminary Injunction based on the agreed-upon schedule as outlined herein.  Second, because the relief Plaintiff seeks with a preliminary injunction is substantially the same relief as would be had following a judgment on the merits, Defendant moves to consolidate the preliminary injunction proceedings with a trial on the merits on Plaintiff's Commerce Clause claims.

Defendant requests that the Court set a briefing schedule following the completion of discovery as set forth herein, and set dates for an evidentiary hearing and/or argument of counsel on the merits of Plaintiff's request for an injunction and the merits of its Commerce Clause claims to be held promptly following the conclusion of discovery. Third, Defendant requests that the Court stay proceedings, including resolution of Defendant's pending Motion to Dismiss [Dkt# 14], on Plaintiff's remaining claims, and vacate the scheduling conference and attendant Rule 26 deadlines until after the Court rules on the Motion for Preliminary Injunction and the merits of Plaintiff's Commerce Clause claims. Finally, should the Court deny the relief sought herein, Defendant requests an extension of time to respond to Plaintiff's Motion for Preliminary Injunction and an extension of time to reply in support of her Motion to Dismiss.

## LOCAL RULE 7.1A CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1A, undersigned counsel conferred extensively with Plaintiff's counsel by written correspondence and telephone on August 24, 25, 26, 30, 31, and September 1, 2010. The parties have reached an agreement as to the scope of necessary discovery, as well as a schedule for discovery and briefing in an effort to structure proceedings in a way that is fair and cost-efficient to both parties and that conserves judicial resources.

## INTRODUCTION

Plaintiff filed suit on June 30, 2010 [Dkt #1] challenging the constitutionality of a new Colorado statute that went into effect on March 1, 2010. The new law, House Bill

10-1193 ("the Act") imposes reporting requirements on retailers who do not otherwise collect Colorado sales/use tax.

One reporting requirement of the Act – the requirement that non-collecting retailers notify Colorado purchasers that their purchases are subject to Colorado's use tax – is already in effect.  Retailers need not comply with the Act's second reporting requirement – that non-collecting retailers send Colorado purchasers an annual statement of their purchases – until January 31, 2011.  *See* Exh. 1 to Plaintiff's Motion for Preliminary Injunction, p. 3 at § (d)(I)(A).  The Act's third reporting requirement – that non-collecting retailers send the Department an annual report – does not go into effect until March 2011. *See id.* at § (d)(I)(A).

Plaintiff challenges the Act's constitutionality under the Commerce Clause, the First Amendment, and on a variety of theories under the Fifth and Fourteenth Amendments, including that the Act violates DMA's member's due process rights, that the Act violates DMA's member's customer's privacy rights, and that the Act imposes a taking of private property.[1]  Plaintiff's Complaint asks the Court for a declaration that the Act is unconstitutional and an order enjoining the Department from enforcing the Act.

Defendant moved to dismiss Plaintiff's Complaint in its entirety [Dkt #14], asserting that Plaintiff lacks standing to bring these claims, and that Plaintiff has failed

---

[1] Plaintiff's Complaint and First Amended Complaint also contended that the Act violated various provisions of the Colorado Constitution.  Plaintiff has since agreed to voluntary dismissal of these claims.

to state a claim for violations of the First, Fifth, and Fourteenth Amendments under Rule 12(b)(6).

On August 13, 2010 Plaintiff moved for a preliminary injunction seeking to enjoin the Department from enforcing the Act [Dkt #15].  Plaintiff's Motion for Preliminary Injunction is based only on its claims that the Act violates the Commerce Clause.  Plaintiff did not move for a temporary restraining order.

In its Motion for Preliminary Injunction, Plaintiff also argued the issue of its standing.  After extensive conferrals, the parties have reached an agreement that will resolve the issue of standing as to Plaintiff's Commerce Clause claims.  Based on the parties' agreement, Defendant anticipates that it will file a motion to withdraw that portion of its Motion to Dismiss.

Defendant's Response to the Motion for Preliminary Injunction currently is due on September 7, 2010.  A scheduling conference has been set in this case for September 23, 2010 [Dkt #3].

## ARGUMENT

I.  **GIVEN THE ISSUES RAISED IN THE MOTION FOR PRELIMINARY INJUNCTION AND THE ANTICIPATED EVIDENCE NEEDED TO RESOLVE THOSE CLAIMS, THE COURT SHOULD DIRECT THE PARTIES TO ENGAGE IN LIMITED EXPEDITED DISCOVERY FOCUSED ON PLAINTIFF'S COMMERCE CLAUSE CLAIMS.**

A party requesting a departure from the usual discovery procedures must demonstrate good cause.  *Qwest Communications Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).  "The good cause standard may be satisfied where a party seeks a preliminary injunction."  *Id.*; *see also Pod-Ners, LLC v. N. Feed &*

*Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).  Courts will permit expedited discovery when it would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing. *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (internal citations omitted).

The good cause standard, which commonly is described as a "reasonableness standard," allows expedited discovery "when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances." *Share Corp. v. Momar, Inc.*, 2010 WL 724321, at *2 (E.D. Wis. Feb.26, 2010) (internal citations omitted).  Whether the good cause standard is satisfied also depends on whether the scope of the requested discovery is narrowly tailored to the issues raised by the motion for preliminary injunction.  *Qwest Communications Int'l, Inc.*, 213 F.R.D. at 420.

In this case, there is good cause for limited expedited discovery on the assertions raised in Plaintiff's Motion for Preliminary Injunction.  First, Plaintiff's claims of likelihood of success and irreparable harm are based on the opinions of two experts, who opine that 67% of Colorado Internet and catalog shoppers will decrease their purchases, and that "the aggregate volume of such lost sales, industry wide, will be very large."  *See* Plaintiff's Declaration of Kevin Keller, ¶¶7-8.  The experts further opine that 63% of

customers will stop making online or catalog purchases.  *Id.*; *see also* Plaintiff's Declaration of Thomas J. Adler, PhD.[2]

In order to respond to these experts, Defendant requires some basic discovery regarding their assertions, including the production of their expert files and the opportunity to depose them.  To fully understand the alleged consumer behavior, Defendant further requires expert assistance on her behalf.  Defendant is actively pursuing retention of an expert on her behalf, but requires a period of discovery for her expert to review the files, produce a report, and permit a deposition of her expert by Plaintiff.

Plaintiff's Motion for Preliminary Injunction also asserts that numerous, but unspecified, DMA members would be subject to the Act and that these members are suffering economic harm due to the costs of retooling computer systems and forms, the anticipated mailing costs, and costs to provide the annual report to the department.  Defendant seeks limited discovery regarding the extent of these alleged harms.

Plaintiff, in turn, has requested expedited discovery from Defendant on matters relevant to the merits of its Commerce Clause claims, including the development and planned implementation of the Act.  Plaintiff also requires discovery from any experts designated by Defendant.

Counsel for the parties have already begun discussions regarding the possibility of reaching joint stipulations of fact, and have committed to pursue such stipulations in a

---

[2] Plaintiff also cites the experts' work to demonstrate that the balance of the equities favors an injunction and that a preliminary injunction is in the public interest because it would prevent a disclosure of information, to which a majority of Colorado customers object.

good faith effort to narrow the issues in dispute and preserve the resources of the
parties and the Court.  The discovery schedule set forth below includes deadlines for
the parties to exchange and, ultimately, submit such Joint Stipulations of Fact to the
Court.

Accordingly, Defendant, with Plaintiff's assent, moves for an order permitting
limited expedited discovery on the issues raised by Plaintiff in its Motion for Preliminary
Injunction and on the merits of Plaintiff's Commerce Clause claims.  Specifically,
Defendant requests that the Court enter an order approving the following discovery
schedule, to which the parties have agreed:

- September 13, 2010:  Parties to exchange Rule 26(a)(1) disclosures
  covering Plaintiff's Commerce Clause claims and any
  witnesses/documents to be used in conjunction with the Motion for
  Preliminary Injunction;

- September 20, 2010:  Plaintiff to designate experts, including production
  of materials required by Rule 26(a)(2)(b) and the experts' complete files
  subject to discovery;

- October 11, 2010:  Deadline for parties to serve written discovery (with a
  total of no more than 10 interrogatories,10 requests for production, and 10
  requests for admission to be served by each party), to make any
  supplemental disclosures related to Plaintiff's Commerce Clause claims
  and the Motion for Preliminary Injunction, to produce all documents

identified in initial and supplemental disclosures, and to exchange initial proposals for Joint Stipulations of Fact;

- October 22, 2010:  Defendant to designate experts, including production of materials required by Rule 26(a)(2)(b) and the experts' complete files subject to discovery;

- November 5, 2010: Deadline for non-expert depositions (limit of three (3) per party);

- November 15, 2010:  Discovery cut-off for issues related to Plaintiff's Commerce Clause claims and the Motion for Preliminary Injunction;

- November 30, 2010:  Deadline for filing stipulations of fact to the extent that the parties can agree upon stipulations; deadline for dispositive motions or pre-hearing memoranda addressing issues presented by Plaintiff's Motion for Preliminary Injunction and/or on Plaintiff's Commerce Clause claims;

- December 10, 2010:  Deadline for filing responses to dispositive motions or pre-hearing memoranda;

- On or before January 14, 2011:  Evidentiary hearing and/or oral argument (requested three (3) days, time divided equally) on Plaintiff's request for injunction and/or on the merits of Plaintiff's Commerce Clause claims.

- With regard to the request that the Court schedule a hearing, in order that Plaintiff's request for injunction and the constitutionality of the Act may be determined before affected companies are required to comply with the

Act's annual notice and reporting requirements beginning January 31, 2011, Defendant respectfully requests, at Plaintiff's urging, that the Court set a hearing to occur as soon as practical in the Court's calendar after conclusion of the briefing, and not later than January 14, 2011.  If the Court's calendar does not permit scheduling the necessary hearing on or before January 14, 2011, Defendant respectfully requests that the Court grant the alternative relief requested in Section IV, *infra,* and extend by three weeks the deadline for the Defendant to respond to the Plaintiff's Motion for Preliminary Injunction, instead of adopting a schedule for consolidation of the motion with a final hearing on the merits.

II.    **BECAUSE THE RELIEF PLAINTIFF SEEKS IN ITS MOTION FOR PRELIMINARY INJUNCTION IS SUBSTANTIALLY THE SAME AS THE RELIEF SOUGHT IN ITS COMPLAINT, THE COURT SHOULD CONSOLIDATE THE PRELIMINARY INJUNCTION PROCEEDINGS WITH A TRIAL ON THE MERITS ON PLAINTIFF'S COMMERCE CLAUSE CLAIMS.**

In its Motion for Preliminary Injunction, Plaintiff seeks an injunction preventing Defendant from enforcing the Act.  This is exactly the same relief that Plaintiff seeks in its Complaint.  *See* First Amend. Compl. [Dkt #10], p.36 ("WHEREFORE, The DMA requests that the Court: A. Declare the Act's notice and reporting obligations … unconstitutional; B enter an injunction enjoining enforcement by the Defendant of any such requirements....").

Federal Rule of Civil Procedure 65 specifically authorizes district courts to consolidate preliminary injunction proceedings with a trial on the merits.  Fed.R.Civ.P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction,

the court may advance the trial on the merits and consolidate it with the hearing.").

Consolidation is proper where the preliminary and permanent injunctions require

introduction of identical evidence, eliminating unnecessary evidentiary redundancy.

*Morrison & Foerster, LLP v. Wick*, 94 F. Supp. 2d 1125, 1129 (D. Colo. 2000) (citing

*Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628

F.2d 1289, 1298 (10th Cir. 1980).  Such consolidation is solely within the court's

discretion.  *Id.* (internal citation omitted).

The parties anticipate that the discovery related to the Motion for Preliminary

Injunction is intertwined with the discovery needed on the merits of Plaintiff's

constitutional challenges to the Act under the Commerce Clause.  As a result,

combining the preliminary injunction proceedings with a trial on the merits will ensure

that the facts relating to Plaintiff's Commerce Clause challenge are fully developed and

that the Court has a complete record from which to rule. Further, consolidating the

proceedings will promote judicial economy and eliminate unnecessary evidentiary

redundancy, particularly in this case where it is anticipated that expert testimony would

be presented for both the preliminary and permanent injunctions.

Combining the preliminary injunction proceedings with a trial on the merits will

not prejudice either party.  Rather, combining the proceedings and expediting discovery

would permit a final resolution of the Commerce Clause issues sooner than piecemeal

adjudication of such issues, and may resolve the entire case.  Moreover, the minimal

delay of the preliminary injunction proceedings required to complete limited expedited

discovery and consolidate the proceedings will not materially alter the position of the

parties or exacerbate the harm alleged by Plaintiff.  Plaintiff has not sought a temporary restraining order.  Additionally, although one of the reporting requirements imposed by the Act is already in effect, the remaining reporting requirements do not go into effect until January and March 2011.

Accordingly, the parties respectfully request that the Court combine the preliminary injunction proceedings with a trial on the merits as it relates to the Commerce Clause challenge, and that the Court adopt the briefing and hearing scheduling outlined above.

### III.   THE COURT SHOULD STAY THE REMAINING PROCEEDINGS UNTIL THE PRELIMINARY INJUNCTION AND COMMERCE CLAUSE CLAIMS HAVE CONCLUDED.

In addition to its Commerce Clause challenge, Plaintiff's Complaint also asserts that the Act violates the First, Fifth, and Fourteenth Amendments.  Defendant has moved to dismiss each of these claims under Federal Rule of Civil Procedure 12(b)(6), asserting among other grounds, that the constitutional rights advocated by Plaintiff have not yet been recognized by any courts.  Defendant's Motion to Dismiss also challenges Plaintiff's assertion of *jus tertii* standing to assert claims on behalf of its members' customers for violation of their free speech and privacy rights.  Plaintiff has filed a memorandum in opposition to this Motion.  Defendant's Reply is due September 13, 2010.

Given that the resolution of the Commerce Clause issues may dispose of the entire case, the parties request that the Court stay all proceedings on Plaintiff's remaining claims.

"[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Braddock Fin. Corp. ex rel Galena St. Fund*, 2008 WL 2302657, at *1 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)).  "[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., Federal Practice & Procedure § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").  Additionally, the Court has broad discretion to stay proceedings as part of its power to control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 706-07, 117 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

In this case, resolution of Plaintiff's Commerce Clause claims may eliminate the need for discovery or further proceedings on Plaintiff's remaining claims.  Requiring discovery on the remainder of the case at this juncture would result in unnecessary expense and effort by both parties and would not serve the interests of judicial economy.

Plaintiff has not sought a Preliminary Injunction based on the alleged violations under the First, Fifth, and Fourteenth Amendments.  Accordingly, Defendant requests that the Court temporarily stay proceedings other than the preliminary injunction proceedings until the Court rules on the issues raised in the Motion for Preliminary Injunction and resolves the merits of Plaintiff's Commerce Clause claims.  Specifically, Defendant requests that the scheduling conference set for September 23, 2010 at 10:00

be vacated, that the other deadlines set in the Order of July 7, 2010 be stayed, and that the time for Defendant's Reply in Support of the Motion to Dismiss be stayed until the issues raised in the Motion for Preliminary Injunction and Plaintiff's Commerce Clause claims have been resolved pursuant to the schedule proposed herein.

## IV.   ALTERNATIVELY, DEFENDANT REQUESTS AN EXTENSION OF TIME IN WHICH TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND REPLY IN SUPPORT OF HER MOTION TO DISMISS.

As outlined above, Defendant cannot respond to Plaintiff's Motion for Preliminary Injunction without, at a minimum, consulting her own experts.  In order to permit Defendant adequate time to retain her own experts and also to collect the other affidavits and evidence necessary to respond to Plaintiff's Motion for Preliminary Injunction, Defendant requests an extension of time.  Should the Court deny the other relief requested in this Motion, including the request for a final hearing on the merits of the Commerce Clause claims on or before January 14, 2011, Defendant moves that it be permitted an additional three weeks, or up to and including September 28, 2010 in which to respond to Plaintiff's Motion for Preliminary Injunction.  Defendant similarly requests that she be permitted an extension to reply in support of her Motion to Dismiss of up to and including September 21, 2010.  Plaintiff does not oppose this alternative requested relief.

As required by to D.C.COLO.LCivR. 6.1D, Defendant represents that she sought one prior extension of time in which to respond to Plaintiff's Amended Complaint.

Pursuant to D.C.COLO.LCivR. 6.1E, counsel for Defendant certifies that a copy of this Motion has been served on Defendant at the address listed in the Certificate of Service.

Respectfully submitted this 1st day of September 2010.

JOHN W. SUTHERS
Attorney General


*s/ Stephanie Lindquist Scoville*
STEPHANIE LINDQUIST SCOVILLE*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
Telephone:  303.866.5241
FAX:  303.866.5443
E-Mail: stephanie.scoville@state.co.us

JACK M. WESOKY*
Senior Assistant Attorney General
KAREN M. MCGOVERN*
Assistant Attorney General
Revenue, Business and Licensing
Telephone: (303) 866-5512 (Wesoky)
Telephone: (303) 866-5455 (McGovern)
Fax: (303) 866-5395
E-mail: jack.wesoky@state.co.us
E-mail: karen.mcgovern@state.co.us
*Counsel of Record

Attorneys for Defendant

1525 Sherman Street, 7th Floor
Denver, Colorado  80203

*Counsel of Record

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on the 1st day of September, 2010, a copy of the foregoing   was, in addition to being electronically filed with the Clerk of the Court using the CM/ECF system, sent to the following e-mail and other addresses via the CM/ECF system:

gissacson@brannlaw.com
mschafer@brannlaw.com

*Via inter-office mail*
Ms. Roxy Huber
Executive Director
Colorado Department of Revenue
1375 Sherman Street
Denver, Colorado  80261

*s/ Stephanie Lindquist Scoville*
_____