# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01546–REB–CBS

The Direct Marketing Association,

       Plaintiff,

       v.

Roxy Huber, in her capacity as Executive
   Director, Colorado Department of Revenue,

       Defendant.

_____

## SCHEDULING ORDER
_____

Consistent with the agreement of the parties, and in order to promote the efficient resolution of the issues presented by the Plaintiff's Motion for Preliminary Injunction, the Court enters the following Scheduling Order, providing for bifurcated proceedings on the Plaintiff's claims as follows: *first*, a period of expedited discovery, followed by briefing and a hearing on the merits with respect to Counts I and II of the Plaintiff's First Amended Complaint for violation of the Commerce Clause, with a stay of proceedings on all remaining claims ("Phase 1"); *second*, if necessary after the completion of Phase 1, a period of additional discovery, dispositive motions, and trial on the Plaintiff's remaining claims that are not otherwise resolved as a result of the Defendant's pending Motion to Dismiss Plaintiff's First Amended Complaint ("Phase 2").

1.      DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling Conference was conducted by the Court on September 23, 2010, with counsel for both parties present. Appearing for the Plaintiff, the Direct Marketing Association ("Plaintiff" or "DMA"), were:

> Matthew P. Schaefer
> Brann & Isaacson LLP
> 184 Maine St.
> Lewiston, Maine 04204
> 207-786-3566

Appearing for the Defendant, Roxy Huber, Executive Director of the Colorado Department of Revenue ("Defendant" or "Huber"), were:

> Jack M. Wesoky,
> Senior Assistant Attorney General
> Karen M. McGovern,
> Assistant Attorney General
> Revenue, Business and Licensing
> 303-866-5512 (Wesoky)
> 303-866-5455 (McGovern)
>
> 1525 Sherman Street, 7th Floor
> Denver, CO 80203

2.      STATEMENT OF JURISDICTION

Plaintiff asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the claims brought by the DMA on behalf of its members (Counts I, II, and relevant portions of Counts V, VII and VIII), as well as jurisdiction under 42 U.S.C. § 1983, because the action presents multiple claims arising under the Constitution of the United States. The Court also has jurisdiction over such claims under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908). The DMA asserts that it has standing to bring this action on

– 3 –

behalf of affected DMA members under the standards for associational standing established by the Supreme Court. *E.g., Hunt v. Washington Apple Advertising Commission,* 432 U.S. 333 (1977).

The DMA contends that the Court also has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and *Ex parte Young,* 209 U.S. 123 (1908), over the claims brought by the DMA on behalf of customers of affected DMA members (*i.e.,* Count III and the relevant portion of Count V). The DMA contends that it has standing to assert such claims under established principles of *jus tertii* standing. *E.g., Craig v. Boren*, 429 U.S. 190 (1976).

Defendant agrees that the Court has federal question jurisdiction to the extent that Plaintiff has standing to bring its claims. Defendant has agreed to withdraw its objections to Plaintiff's standing to challenge the constitutionality of the Act under the Commerce Clause (Counts I and II). Defendant challenges Plaintiff's standing to bring the remaining claims, as set forth in Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. [*See* Dkt. # 14.]

Finally, the Court notes that the DMA has agreed to the voluntary dismissal, without prejudice, for lack of subject matter jurisdiction of its claims asserted under the Colorado Constitution (Counts IV, VI, and relevant portions of Counts VII and VIII). [*See* Plaintiff's Response In Opposition to Defendant's Motion to Dismiss Plaintiff First Amended Complaint (Dkt. # 23) at 1 n.1 and 35-36.]

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**a.  Plaintiff**

The DMA contends that the notice and reporting obligations imposed on out-of-state retailers under a new Colorado law, House Bill 10-1193 [2010 Colo. Sess. Laws 54 (codified at COLO. REV. STAT. ANN. § 39-21-112(3.5) (2010)) ("the Act")], and under the regulations promulgated by the Colorado Department of Revenue ("Department") to implement the Act [1 COLO. CODE REGS. § 201-1: 39-21-112.3.5 (2010) (appearing at 33 Colo. Reg. 14 (July 10, 2010)) ("the Regulations")], violate multiple constitutional protections of both out-of-state retailers and their customers guaranteed under the United States Constitution.  The Plaintiff alleges that the Act and Regulations:

- discriminate against interstate commerce in violation of the Commerce Clause, art. I, sec. 8, cl. 3, by imposing requirements upon out-of-state retailers that it does not impose upon in-state, Colorado retailers (Count I);

- impose impermissible obligations upon out-of-state companies that have no physical presence in Colorado, in violation of the Commerce Clause (Count II);

- infringe upon the right of privacy of customers of affected DMA members by requiring disclosure of such customers' sensitive, personal purchasing information to the Department (Count III);

- chill the exercise of the right of freedom of speech of DMA members and their customers protected under the First Amendment by requiring disclosure of their sensitive, personal purchasing information to the Department (Count V);

- deprive retailers of property interests in their customer list information in violation of the Due Process Clause of the Fifth and Fourteenth Amendments (Count VII);

- violate the Takings Clause of the Fifth Amendment by requiring out-of-state retailers to turn over to the State their confidential customer information without compensation (Count VIII).

b.  **Defendant**

Defendant denies that the Act is unconstitutional either facially or as applied.

Defendant first asserts that this Court's jurisdiction over Plaintiff's claim is limited. Specifically, Defendant asserts that Plaintiff does not satisfy the elements of *jus tertii* standing so as to have standing to assert claims on behalf of its members' customers. As a result, the Court does not have jurisdiction over Count III and portions of Count V of Plaintiff's First Amended Complaint. Defendant also asserts that Plaintiff does not have association standing for purposes of Counts V, VII, and VII of Plaintiff's First Amended Complaint and that Plaintiff's claim is not ripe for review as to Counts VII and VII of the First Amended Complaint.

Defendant denies that the Act violates the Commerce Clause of the United States Constitution by either discriminating against out-of-state retailers or by unduly burdening interstate commerce. Defendant also denies that Act violates the First, Fifth, or Fourteenth Amendments to the United States Constitution.

Defendant expects to rely on additional defenses, including but not limited to, that Plaintiff's Complaint fails to state claims upon which relief can be granted; that certain of

Plaintiff's claims are barred in whole or in part by the Eleventh Amendment; that the State has a compelling and/or legitimate interest in enacting and enforcing the Act; that the State's interest in enforcing the Act cannot be served by available nondiscriminatory alternatives; and that to the extent Plaintiff contends the Act imposes a tax, the Court lacks jurisdiction pursuant to the Tax Injunction Act.

### 4.     UNDISPUTED FACTS

To the extent the parties can agree upon stipulations of fact, the parties will file with the Court in connection with Phase 1 a set of Joint Stipulated Facts not later than November 30, 2010.

### 5.     COMPUTATION OF DAMAGES

The Plaintiff seeks solely declaratory and injunctive relief (and attorneys' fees), and thus no computation of damages is required.

### 6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26(f) meetings.**

In accordance with Rule 26(f), counsel for the parties have conferred extensively regarding an appropriate scheduling order for the case, including on August 24, 25, 26, 30 and 31, and September 1, 13, 15 and 16, 2010.

**b.     Names of each participant.**

The parties were represented by their counsel at each meeting, although not all counsel participated in each meeting.

    **c.**    **Date of Rule 26(a)(1) disclosures.**

The Plaintiff made its Rule 26(a)(1) disclosures on September 13, 2010.

The Defendant made her Rule 26(a)(1) disclosures on September 16, 2010.

    **d.**    **Proposed changes in timing or requirements of Rule 26(a)(1) disclosures.**

None.

    **e.**    **Agreements to conduct informal discovery.**

Counsel for the parties have agreed to informal discovery as a means to resolve the Defendant's objection to the Plaintiff's associational standing as to the Commerce Clause claims. The Plaintiff has agreed to provide a sworn declaration from an individual with personal knowledge in order to establish that at least one member of the DMA is subject to the notice and reporting requirements of the Act and Regulations. Upon receipt of such a declaration, the Defendant has agreed not to contest the DMA's standing to assert its Commerce Clause claims in Phase 1 and to file a motion withdrawing that portion of its pending Motion to Dismiss that is based on the contention that the DMA has failed adequately to allege associational standing. The Defendant reserves its right to contest the Plaintiff's associational standing as to any remaining claims, as well as to contest Plaintiff's *jus tertii* standing in Phase 2.

Counsel for the parties will continue to work cooperatively to identify additional opportunities for informal discovery in order to allow for efficient and cost-effective development of the factual record relevant to the Plaintiff's claims.

      **f.**      **Other agreements or procedures to reduce discovery and control costs**

Plaintiff recently filed a Motion for Preliminary Injunction, which is based only on Plaintiff's challenge to the Act under the Commerce Clause. In order to expedite resolution of the Commerce Clause issues, control costs, and conserve judicial resources, the parties agreed to propose bifurcation of the proceedings. *See* Docket #27, Defendant's Unopposed Motion 1) for Limited Expedited Discovery, 2) to Consolidate Preliminary Injunction Proceedings with a Trial on the Merits on Plaintiff's Commerce Clause Claims, 3) to Stay Proceedings on Plaintiff's Remaining Claims, and 4) in the Alternative, for an Extension of Time in which Defendant May Respond to Plaintiff's Motion for Preliminary Injunction and Reply in Support of Her Motion to Dismiss. As set forth herein, the parties have agreed upon a schedule for Phase 1, including expedited discovery and final resolution of the Commerce Clause claims, while deferring further proceedings on the Plaintiff's other constitutional claims. The parties assert, and the Court agrees, that such a two-phase, bifurcated approach for this action may serve to reduce discovery and control costs by permitting a final ruling on claims that the Court must address first in response to the Plaintiff's Motion for Preliminary Injunction. Moreover, because the factual and legal issues presented by the Commerce Clause claims are largely distinct from the issues presented by the Plaintiff's other claims, such a bifurcation of the case should not result in duplicative discovery or other inefficiencies. Furthermore, if the Plaintiff is successful on its Commerce Clause claims, and the Court determines that the Act and Regulations are

unconstitutional, then the law will be unenforceable, and no further proceedings on the Plaintiff's other constitutional claims will be required.

In addition, in order to further reduce discovery and control costs, the parties have agreed, and are hereby ordered to: (1) confer and to the extent the parties can agree, file with the Court a set of Joint Stipulated Facts in connection with Phase 1 of the case; (2) to explore the extensive use of expert affidavits to support judicial notice on relevant facts ; and (3) to use a unified exhibit numbering system for the remainder of the proceedings.

### g. Electronically stored information

Counsel do not anticipate that the constitutional claims raised by the Plaintiff will require the production or use of a substantial amount of electronically stored information by either party.  Nonetheless, the parties have taken steps to preserve electronically stored information.

### h. Parties' settlement discussions

The Plaintiff's claims are not amenable to settlement.  The Plaintiff asserts that the notice and reporting obligations imposed under the Act and Regulations are unconstitutional; the Defendant contends that they are not.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

With respect to Phase 1, the parties have agreed to certain discovery limits in order to promote expedited discovery and resolution of the Plaintiff's Commerce Clause claims, as follows:

### a. Modifications in number of depositions and interrogatories.

Number of interrogatories (Phase 1):          10

Number of depositions of fact witnesses (Phase 1):   3

### b. Limitations on length of depositions.

The duration of depositions shall be limited in accordance with the Federal Rules of Civil Procedure, absent a showing of good cause upon motion to the Court why a longer duration should be permitted.

### c. Limitations on number of requests for production and requests for admissions.

Number of document requests (Phase 1):        10

Number of requests for admission (Phase 1):   10

### d. Other planning or discovery orders.

Each party shall designate no more than three(3) expert witnesses in Phase 1.

The parties shall submit a further Scheduling Order for Phase 2 of the action, if necessary, after entry of a final order by the Court with regard to the merits of the Plaintiff's Commerce Clause claims at the conclusion of Phase 1.

### 9. CASE PLAN AND SCHEDULE

The parties shall comply with the following schedule and deadlines for Phase 1:

- **September 13, 2010:**  Parties to exchange Rule 26(a)(1) disclosures covering Plaintiff's Commerce Clause claims and any witnesses/documents to be used in conjunction with the Motion for Preliminary Injunction;

- **September 24, 2010:**  Plaintiff to designate experts, including production of materials required by Rule 26(a)(2)(b) and the experts' complete files subject to discovery;

- **October 4, 2010:**  Deadline for joinder of parties and amendment of pleadings.

- **October 11, 2010:**  Deadline for parties to serve written discovery (with a total of no more than 10 interrogatories, 10 requests for production, and 10 requests for admission to be served by each party), to make any supplemental disclosures related to Plaintiff's Commerce Clause claims and the Motion for Preliminary Injunction, to produce all documents identified in initial and supplemental disclosures, and to exchange initial proposals for Joint Stipulations of Fact;

- **October 22, 2010:**  Defendant to designate experts, including production of materials required by Rule 26(a)(2)(b) and the experts' complete files subject to discovery;

- **November 5, 2010:**  Deadline for non-expert depositions (limit of three (3) per party);

- **November 15, 2010:**  Discovery cut-off for issues related to Plaintiff's Commerce Clause claims and the Motion for Preliminary Injunction;

- **November 30, 2010:**  Deadline for filing stipulations of fact to the extent that the parties can agree upon stipulations; deadline for dispositive motions or pre-hearing memoranda addressing issues presented by Plaintiff's Motion for Preliminary Injunction and/or on Plaintiff's Commerce Clause claims;

- **December 10, 2010:**  Deadline for filing responses to dispositive motions or pre-hearing memoranda;

- **On or before January 14, 2011:**  Evidentiary hearing and/or oral argument (requested three (3) days, time divided equally) on Plaintiff's request for injunction and/or on the merits of Plaintiff's Commerce Clause claims.

## 10.    DATES FOR FURTHER CONFERENCES

The Court will set a date for a further Scheduling Conference with regard to Phase 2, if necessary, after entry of a final order by the Court with regard to the merits of the Plaintiff's Commerce Clause claims at the conclusion of Phase 1.

## 11.    OTHER SCHEDULING MATTERS

a.    **Unagreed issues.**

None.

b.    **Anticipated length of Phase 1 hearing on the merits.**

The hearing on the merits at the conclusion of Phase 1 will be to the Court and will require not more than 3 full trial days.

    c.    **Pretrial proceedings at Court's facility in Colorado Springs.**

None.

## 12.　NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client and all attorneys of record.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.　AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered only upon motion and a showing of good cause.

DATED this _____ day of _____, 2010.

BY THE COURT:

_____
United States Magistrate Judge

s/ Matthew P. Schaefer
George S. Isaacson
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel.: (207) 786−3566
Fax:  (207) 783-9325
E-mail: gisaacson@brannlaw.com
          mschaefer@brannlaw.com
*Attorneys for The Direct
Marketing Association*

s/Stephanie Lindquist Scoville
Stephanie Lindquist Scoville*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
Telephone:  303.866.5241
FAX:  303.866.5443
E-Mail: stephanie.scoville@state.co.us

Jack M. Wesoky*
Senior Assistant Attorney General
Karen M. MGovern*
Assistant Attorney General
Revenue, Business and Licensing
Telephone: (303) 866-5512 (Wesoky)
Telephone: (303) 866-5455 (McGovern)
Fax: (303) 866-5395
E-mail: jack.wesoky@state.co.us
E-mail: karen.mcgovern@state.co.us
*Counsel of Record

*Attorneys for Defendant*

1525 Sherman Street, 7th Floor
Denver, Colorado  80203