**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10–cv–01546–REB–CBS

The Direct Marketing Association,

       Plaintiff,

       v.

Roxy Huber, in her capacity as Executive
   Director, Colorado Department of Revenue,

       Defendant.

_____

**SCHEDULING ORDER**
_____

**1.     DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

A Scheduling Conference  was conducted by the Court on September 23, 2010,

with counsel for both parties present.  Appearing for the Plaintiff, the Direct Marketing

Association ("Plaintiff" or "DMA"), were:

    Matthew P. Schaefer
    Brann & Isaacson LLP
    184 Maine St.
    Lewiston, Maine 04204
    207-786-3566

Appearing for the Defendant, Roxy Huber, Executive Director of the Colorado

Department of Revenue ("Defendant" or "Huber"), were:

Jack M. Wesoky,
Senior Assistant Attorney General
Karen M. McGovern,
Assistant Attorney General
Revenue, Business and Licensing
303-866-5512 (Wesoky)
303-866-5455 (McGovern)

1525 Sherman Street, 7th Floor
Denver, CO 80203

## 2.     STATEMENT OF JURISDICTION

The Plaintiff asserts that the Court has federal question jurisdiction pursuant to 28

U.S.C. § 1331 over the claims brought by the DMA on behalf of its members (Counts I, II,

and relevant portions of Counts V, VII and VIII), as well as jurisdiction under 42 U.S.C.

§ 1983, because the action presents multiple claims arising under the Constitution of the

United States.  The Court also has jurisdiction over such claims under the doctrine of *Ex*

*parte Young,* 209 U.S. 123 (1908).  The DMA asserts that it has standing to bring this

action on behalf of affected DMA members under the standards for associational standing

established by the Supreme Court.  *E.g., Hunt v. Washington Apple Advertising*

*Commission,* 432 U.S. 333 (1977).

The DMA contends that the Court also has jurisdiction pursuant to 28 U.S.C. § 1331,

42 U.S.C. § 1983, and *Ex parte Young,* 209 U.S. 123 (1908), over the claims brought by

the DMA on behalf of customers of affected DMA members (*i.e.,* Count III and the relevant

portion of Count V).  The DMA contends that it has standing to assert such claims under

established principles of *jus tertii* standing.  *E.g., Craig v. Boren*, 429 U.S. 190 (1976).

Defendant agrees that the Court has federal question jurisdiction to the extent that

Plaintiff has standing to bring its claims.  Defendant has agreed to withdraw its objections to

Plaintiff's standing to challenge the constitutionality of the Act under the Commerce Clause

(Counts I and II).  Defendant challenges Plaintiff's standing to bring the remaining claims,

as set forth in Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  [*See*

Dkt. # 14.]

Finally, the Court notes that the DMA has agreed to the voluntary dismissal, without

prejudice, for lack of subject matter jurisdiction of its claims asserted under the Colorado

Constitution (Counts IV, VI, and relevant portions of Counts VII and VIII).  [*See* Plaintiff's

Response In Opposition to Defendant's Motion to Dismiss Plaintiff First Amended

Complaint (Dkt. # 23**)** at 1 n.1 and 35-36.]

### 3.       STATEMENT OF CLAIMS AND DEFENSES

#### a.       Plaintiff

The DMA contends that the notice and reporting obligations imposed on out-of-state

retailers under a new Colorado law, House Bill 10-1193 [2010 Colo. Sess. Laws 54

(codified at COLO. REV. STAT. ANN. § 39-21-112(3.5) (2010)) ("the Act")], and under the

regulations promulgated by the Colorado Department of Revenue ("Department") to

implement the Act [1 COLO. CODE REGS. § 201-1: 39-21-112.3.5 (2010) (appearing at 33

Colo. Reg. 14 (July 10, 2010)) ("the Regulations")], violate multiple constitutional

protections of both out-of-state retailers and their customers guaranteed under the United

States Constitution.  The Plaintiff alleges that the Act and Regulations:

- discriminate against interstate commerce in violation of the Commerce Clause, art. I, sec. 8, cl. 3, by imposing requirements upon out-of-state retailers that it does not impose upon in-state, Colorado retailers (Count I);

- impose impermissible obligations upon out-of-state companies that have no physical presence in Colorado, in violation of the Commerce Clause (Count II);

- infringe upon the right of privacy of customers of affected DMA members by requiring disclosure of such customers' sensitive, personal purchasing information to the Department (Count III);

- chill the exercise of the right of freedom of speech of DMA members and their customers protected under the First Amendment by requiring disclosure of their sensitive, personal purchasing information to the Department (Count V);

- deprive retailers of property interests in their customer list information in violation of the Due Process Clause of the Fifth and Fourteenth Amendments (Count VII);

- violate the Takings Clause of the Fifth Amendment by requiring out-of-state retailers to turn over to the State their confidential customer information without compensation (Count VIII).

**b.    Defendant**

Defendant denies that the Act is unconstitutional either facially or as applied.

Defendant first asserts that this Court's jurisdiction over Plaintiff's claim is limited. Specifically, Defendant asserts that Plaintiff does not satisfy the elements of *jus tertii* standing so as to have standing to assert claims on behalf of its members' customers. As a result, the Court does not have jurisdiction over Count III and portions of Count V of Plaintiff's First Amended Complaint. Defendant also asserts that Plaintiff does not have association standing for purposes of Counts V, VII, and VII of Plaintiff's First Amended Complaint and that Plaintiff's claim is not ripe for review as to Counts VII and VII of the First Amended Complaint.

Defendant denies that the Act violates the Commerce Clause of the United States Constitution by either discriminating against out-of-state retailers or by unduly burdening interstate commerce. Defendant also denies that Act violates the First, Fifth, or Fourteenth Amendments to the United States Constitution.

Defendant expects to rely on additional defenses, including but not limited to, that Plaintiff's Complaint fails to state claims upon which relief can be granted; that certain of Plaintiff's claims are barred in whole or in part by the Eleventh Amendment; that the State has a compelling and/or legitimate interest in enacting and enforcing the Act; that the State's interest in enforcing the Act cannot be served by available nondiscriminatory alternatives; and that to the extent Plaintiff contends the Act imposes a tax, the Court lacks jurisdiction pursuant to the Tax Injunction Act.

### 4.    UNDISPUTED FACTS

To the extent the parties can agree upon stipulations of fact, the parties will file with the Court a set of Joint Stipulated Facts not later than March 29, 2011.

### 5.    COMPUTATION OF DAMAGES

The Plaintiff seeks solely declaratory and injunctive relief (and attorneys' fees), and thus no computation of damages is required.

### 6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.    Date of Rule 26(f) meetings.**

In accordance with Rule 26(f), counsel for the parties have conferred extensively regarding an appropriate scheduling order for the case, including on August 24, 25, 26, 30 and 31, and September 1, 13, 15 and 16, 2010.

**b.    Names of each participant.**

The parties were represented by their counsel at each Rule 26(f) meeting, although not all counsel participated in each meeting.

**c.    Date of Rule 26(a)(1) disclosures.**

The Plaintiff made its Rule 26(a)(1) disclosures on September 13, 2010.

The Defendant made her Rule 26(a)(1) disclosures on September 16, 2010.

**d.    Proposed changes in timing or requirements of Rule 26(a)(1) disclosures.**

None.

### e.    Agreements  to conduct informal discovery.

Counsel for the parties have agreed to informal discovery as a means to resolve the Defendant's objection to the Plaintiff's associational standing as to the Commerce Clause claims.  The Plaintiff has agreed to provide a sworn declaration from an individual with personal knowledge in order to establish that at least one member of the DMA is subject to the notice and reporting requirements of the Act and Regulations.  Upon receipt of such a declaration, the Defendant has agreed not to contest the DMA's standing to assert its Commerce Clause claims and to file a motion withdrawing that portion of its pending Motion to Dismiss that is based on the contention that the DMA has failed adequately to allege associational standing.  The Defendant reserves its right to contest the Plaintiff's associational standing as to any remaining claims, as well as to contest Plaintiff's *jus tertii* standing.

Counsel for the parties will continue to work cooperatively to identify additional opportunities for informal discovery in order to allow for efficient and cost-effective development of the factual record relevant to the Plaintiff's claims.  Counsel have begun discussions about possible informal and/or cooperative  discovery from the New York Department of Taxation and Finance regarding use tax collection through the New York individual income tax return.

### f.    Other agreements or procedures to reduce discovery and control costs

In order to further reduce discovery and control costs, the parties have agreed, and are hereby ordered to: (1) confer and to the extent the parties can agree, file with

the Court a set of Joint Stipulated Facts not later than March 29, 2011; (2) to explore the

extensive use of expert affidavits to support judicial notice on relevant facts; and (3) to

use a unified exhibit numbering system for the remainder of the proceedings.

### g.      Electronically stored information

Counsel do not anticipate that the constitutional claims raised by the Plaintiff will

require the production or use of a substantial amount of electronically stored information by

either party. Nonetheless, the parties have taken steps to preserve electronically stored

information.

### h.      Parties' settlement discussions

The Plaintiff's claims are not amenable to settlement.  The Plaintiff asserts that the

notice and reporting obligations imposed under the Act and Regulations are

unconstitutional; the Defendant contends that they are not.

### 7.      CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate

judge.

### 8.      DISCOVERY LIMITATIONS

The limitations on discovery established under the Federal Rules of Civil

Procedure shall be modified as follows:

### a.      Modifications in number of depositions and interrogatories.

| | |
|---|---|
| Depositions of fact witnesses: | 5 per party |
| Number of interrogatories: | 25 |

**b.     Limitations on length of depositions.**

The duration of depositions shall be limited in accordance with the Federal Rules

of Civil Procedure, absent a showing of good cause upon motion to the Court why a

longer duration should be permitted.

**c.     Modifications on number of requests for production and requests for admissions.**

Requests for production:          20

Requests for admission:          20

**d.     Other planning or discovery orders.**

None.

## 9.     CASE PLAN AND SCHEDULE

The parties shall comply with the following schedule and deadlines:

**a.     Deadline for Joinder of Parties and Amendment of Pleadings:**
November 8, 2010

**b.     Discovery Cut-Off:**  March 15, 2011

**c.     Dispositive Motion Deadline:**  April 29, 2011

**d.     Expert Witness Disclosure**

1.     The parties anticipate expert testimony with regard to:

survey evidence, consumer behavior, costs of compliance with

statutory/regulatory requirements, and possibly other matters.

2.      Plaintiff proposes that the number of experts be limited to six (three on the Commerce Clause claims and three on the Plaintiff's remaining claims).  Defendant proposes that the number of experts be limited to three with the parties to allocate experts among the claims as they see fit.  The use of expert affidavits to support judicial notice shall be explored.

3.      The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 19, 2010.

4.      The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 17, 2010.

**e.      Identification of Persons to Be Deposed:**

Plaintiff:

| Rule 30(b)(6) and/or Representative(s) of the Colorado Department of Revenue | 7 hours (per deposition, if more than 1) |
|---|---|
| Representative(s) of the New York Department of Taxation and Finance (if cooperative efforts are unsuccessful) | 7 hours |

Defendant:

| Rule 30(b)(6) of Plaintiff | 7 hours |
|---|---|

**f.** **Deadline for Interrogatories:** February 10, 2010

**g.** **Deadline for Requests for Production of Documents and/or Admissions:** February 10, 2010

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and

times:_____

_____.

b. A final pretrial conference will be held in this case on _____ at

_____o'clock. A Final Pretrial Order shall be prepared by the parties and submitted to

the Court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. **Unagreed issues.**

None.

b. **Anticipated length of trial.**

Trial will be to the Court and will require not more than 6 full days.

c. **Pretrial proceedings at Court's facility in Colorado Springs.**

None.

## 12.   NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served

upon the moving attorney's client and all attorneys of record.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the

trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR

7.1A.

In addition to filing an appropriate notice with the clerk's office, counsel must file

a copy of any motion for withdrawal, motion for substitution of counsel, or notice of

change of counsel's address or telephone number with the clerk of the magistrate judge

assigned to this case.

## 13.   AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered only upon motion and a showing of good

cause.

DATED this _____ day of _____, 2010.

BY THE COURT:

_____
United States Magistrate Judge

s/ Matthew P. Schaefer
George S. Isaacson
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel.: (207) 786−3566
Fax:  (207) 783-9325
E-mail: gisaacson@brannlaw.com
             mschaefer@brannlaw.com
*Attorneys for The Direct
Marketing Association*

s/Stephanie Lindquist Scoville
Stephanie Lindquist Scoville*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
Telephone:  303.866.5241
FAX:  303.866.5443
E-Mail: stephanie.scoville@state.co.us

Jack M. Wesoky*
Senior Assistant Attorney General
Karen M. MGovern*
Assistant Attorney General
Revenue, Business and Licensing
Telephone: (303) 866-5512 (Wesoky)
Telephone: (303) 866-5455 (McGovern)
Fax: (303) 866-5395
E-mail: jack.wesoky@state.co.us
E-mail: karen.mcgovern@state.co.us
*Counsel of Record

*Attorneys for Defendant*

1525 Sherman Street, 7th Floor
Denver, Colorado  80203