IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01546–REB–CBS

The Direct Marketing Association,

    Plaintiff,

    v.

Roxy Huber, in her capacity as Executive
   Director, Colorado Department of Revenue,

    Defendant.

_____

**[PLAINTIFF'S PROPOSED] SCHEDULING ORDER**
_____

The Court enters this order setting a schedule for resolution of the Plaintiff's pending Motion for Preliminary Injunction and Incorporated Memorandum of Law, filed with the Court on August 13, 2010 [Dkt. # 15]. After resolution of the Plaintiff's Motion for Preliminary Injunction, the Court will enter a subsequent scheduling order for further proceedings in the case.

    1.    **DATE OF CONFERENCES AND APPEARANCES OF COUNSEL**

A Scheduling Conference was conducted by the Court on September 24, 2010, with counsel for both parties present, at which time, after conferring with counsel, the Court instructed the parties to submit a proposed scheduling order for resolution of the Motion for Preliminary Injunction. A further Scheduling Conference was conducted on

– 2 –

October 1, 2010, with counsel for both parties present.  Appearing for the Plaintiff, the Direct Marketing Association ("Plaintiff" or "DMA"), were:

> George S. Isaacson (appearing by telephone on both 9/23 and 10/1)
> Matthew P. Schaefer (appearing by telephone on both 9/23 at 10/1)
> Brann & Isaacson LLP
> 184 Maine St.
> Lewiston, Maine 04204
> 207-786-3566

Appearing for the Defendant, Roxy Huber, Executive Director of the Colorado Department of Revenue ("Defendant" or "Huber"), were:

> Stephanie Lindquist Scoville (appearing in person on 10/1)
> Senior Assistant Attorney General
> Civil Litigation and Employment Law Section
> 303-866-5241
>
> Jack M. Wesoky (appearing in person on both 9/23 and 10/1)
> Senior Assistant Attorney General
> Karen M. McGovern (appearing in person on 9/23)
> Assistant Attorney General
> Melanie Snyder (appearing in person on both 9/23 and 10/1)
> Assistant Attorney General
> Revenue, Business and Licensing
> 303-866-5512 (Wesoky)
> 303-866-5455 (McGovern)
> 303-866-5273(Snyder)
>
> 1525 Sherman Street, 7th Floor
> Denver, CO 80203

## 2.   STATEMENT OF JURISDICTION

Plaintiff asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the claims brought by the DMA on behalf of its members (Counts I, II, and relevant portions of Counts V, VII and VIII), as well as jurisdiction under 42

– 2 –

U.S.C. § 1983, because the action presents multiple claims arising under the Constitution of the United States.  The Court also has jurisdiction over such claims under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908).  The DMA asserts that it has standing to bring this action on behalf of affected DMA members under the standards for associational standing established by the Supreme Court.  *E.g., Hunt v. Washington Apple Advertising Commission,* 432 U.S. 333 (1977).

The DMA contends that the Court also has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and *Ex parte Young,* 209 U.S. 123 (1908), over the claims brought by the DMA on behalf of customers of affected DMA members (*i.e.,* Count III and the relevant portion of Count V).  The DMA contends that it has standing to assert such claims under established principles of *jus tertii* standing.  *E.g., Craig v. Boren*, 429 U.S. 190 (1976).

Defendant agrees that the Court has federal question jurisdiction to the extent that Plaintiff has standing to bring its claims.  Defendant has filed a motion to withdraw its objections to Plaintiff's standing to challenge the constitutionality of the Act under the Commerce Clause (Counts I and II). [*See* Dkt. # 30.]  Defendant challenges Plaintiff's standing to bring the remaining claims, as set forth in Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  [*See* Dkt. # 14.]

Finally, the Court notes that the DMA has agreed to the voluntary dismissal, without prejudice, for lack of subject matter jurisdiction of its claims asserted under the Colorado Constitution (Counts IV, VI, and relevant portions of Counts VII and VIII).  [*See* Plaintiff's Response In Opposition to Defendant's Motion to Dismiss Plaintiff First Amended Complaint (Dkt. # 23) at 1 n.1 and 35-36.]

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiff

The DMA contends that the notice and reporting obligations imposed on out-of-state retailers under a new Colorado law, House Bill 10-1193 [2010 Colo. Sess. Laws 54 (codified at C%%OLO%%. R%%EV%%. S%%TAT%%. A%%NN%%. § 39-21-112(3.5) (2010)) ("the Act")], and under the regulations promulgated by the Colorado Department of Revenue ("Department") to implement the Act [1 C%%OLO%%. C%%ODE%% R%%EGS%%. § 201-1: 39-21-112.3.5 (2010) (appearing at 33 Colo. Reg. 14 (July 10, 2010)) ("the Regulations")], violate multiple constitutional protections of both out-of-state retailers and their customers guaranteed under the United States Constitution. The Plaintiff alleges that the Act and Regulations:

- discriminate against interstate commerce in violation of the Commerce Clause, art. I, sec. 8, cl. 3, by imposing requirements upon out-of-state retailers that it does not impose upon in-state, Colorado retailers (Count I);

- impose impermissible obligations upon out-of-state companies that have no physical presence in Colorado, in violation of the Commerce Clause (Count II);

- infringe upon the right of privacy of customers of affected DMA members by requiring disclosure of such customers' sensitive, personal purchasing information to the Department (Count III);

- chill the exercise of the right of freedom of speech of DMA members and their customers protected under the First Amendment by requiring disclosure of their sensitive, personal purchasing information to the Department (Count V);

– 4 –

- deprive retailers of property interests in their customer list information in violation of the Due Process Clause of the Fifth and Fourteenth Amendments (Count VII);

- violate the Takings Clause of the Fifth Amendment by requiring out-of-state retailers to turn over to the State their confidential customer information without compensation (Count VIII).

### b. Defendant

Defendant denies that the Act is unconstitutional either facially or as applied.

Defendant first asserts that this Court's jurisdiction over Plaintiff's claim is limited. Specifically, Defendant asserts that Plaintiff does not satisfy the elements of *jus tertii* standing so as to have standing to assert claims on behalf of its members' customers. As a result, the Court does not have jurisdiction over Count III and portions of Count V of Plaintiff's First Amended Complaint. Defendant also asserts that Plaintiff does not have association standing for purposes of Counts V, VII, and VIII of Plaintiff's First Amended Complaint and that Plaintiff's claim is not ripe for review as to Counts VII and VII of the First Amended Complaint.

Defendant denies that the Act violates the Commerce Clause of the United States Constitution by either discriminating against out-of-state retailers or by unduly burdening interstate commerce. Defendant also denies that Act violates the First, Fifth, or Fourteenth Amendments to the United States Constitution.

Defendant expects to rely on additional defenses, including but not limited to, that Plaintiff's Complaint fails to state claims upon which relief can be granted; that certain of

Plaintiff's claims are barred in whole or in part by the Eleventh Amendment; that the State has a compelling and/or legitimate interest in enacting and enforcing the Act; that the State's interest in enforcing the Act cannot be served by available nondiscriminatory alternatives; and that to the extent Plaintiff contends the Act imposes a tax, the Court lacks jurisdiction pursuant to the Tax Injunction Act.

### 4.     UNDISPUTED FACTS

To the extent the parties can agree upon stipulations of fact, the parties will file appropriate stipulations with the Court.

### 5.     COMPUTATION OF DAMAGES

The Plaintiff seeks solely declaratory and injunctive relief (and attorneys' fees), and thus no computation of damages is required.

### 6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26(f) meetings.**

In accordance with Rule 26(f), counsel for the parties have conferred extensively regarding an appropriate scheduling order for the case, including on August 24, 25, 26, 30 and 31, and September 1, 13, 15, 16, 28, and 30, and October 1, 2010.

**b.     Names of each participant.**

The parties were represented by their counsel at each meeting, although not all counsel participated in each meeting.

    **c.**    **Date of Rule 26(a)(1) disclosures.**

The Plaintiff made its Rule 26(a)(1) disclosures on September 13, 2010.

The Defendant made her Rule 26(a)(1) disclosures on September 16, 2010.

    **d.**    **Proposed changes in timing or requirements of Rule 26(a)(1) disclosures.**

None.

    **e.**    **Agreements to conduct informal discovery.**

Counsel for the parties agreed to informal discovery as a means to resolve the Defendant's objection to the Plaintiff's associational standing as to the Commerce Clause claims. The Plaintiff provided a sworn declaration from an individual with personal knowledge to establish that at least one member of the DMA is subject to the notice and reporting requirements of the Act and Regulations. Upon receipt of that declaration, the Defendant filed a motion to withdraw that portion of its pending Motion to Dismiss that is based on the contention that the DMA failed adequately to allege associational standing in regard to its Commerce Clause claims. The Defendant reserves its right to contest the Plaintiff's associational standing as to any remaining claims, as well as to contest Plaintiff's *jus tertii* standing.

Counsel for the parties will continue to work cooperatively to identify additional opportunities for informal discovery in order to allow for efficient and cost-effective development of the factual record relevant to the Plaintiff's claims. Counsel have begun discussions about possible informal and/or cooperative discovery from the New York

– 8 –

Department of Taxation and Finance regarding use tax collection through the New York individual income tax return.

### f. Other agreements or procedures to reduce discovery and control costs

The limited discovery plan described herein is intended to permit resolution of the Plaintiff's pending Motion for Preliminary Injunction in an efficient manner.

### g. Electronically stored information

Counsel do not anticipate that the constitutional claims raised by the Plaintiff will require the production or use of a substantial amount of electronically stored information by either party.  Nonetheless, the parties have taken steps to preserve electronically stored information.

### h. Parties' settlement discussions

The Plaintiff's claims are not amenable to settlement.  The Plaintiff asserts that the notice and reporting obligations imposed under the Act and Regulations are unconstitutional; the Defendant contends that they are not.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

With respect to proceedings on the Motion for Preliminary Injunction, discovery shall be limited to expert disclosures under Rule 26(a)(2) and depositions of the parties' respective experts.

### 9. CASE PLAN AND SCHEDULE

The parties shall comply with the following schedule and deadlines for proceedings on the Motion for Preliminary Injunction:

- **October 1, 2010:**  Plaintiff shall complete Rule 26(a)(2)(b) expert disclosures in connection with the Motion for Preliminary Injunction.

- **October 15, 2010:**  Defendant shall complete depositions of Plaintiff's experts.

- **October 22, 2010:**  Defendant shall complete Rule 26(a)(2)(b) expert disclosures in connection with the Motion for Preliminary Injunction.

- **November 5, 2010:**  Plaintiff shall complete depositions of Defendants' experts.

- **November 12, 2010:**  Defendant shall file its Opposition to Plaintiff's Motion for Preliminary Injunction.

- **November 22, 2010:**  Plaintiff shall file its Reply in Support of Plaintiff's Motion for Preliminary Injunction.

- **November 30, 2010:**  Defendant shall file its Reply in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.[1]

The Court will set a date for hearing on the motion after briefing is complete.

## 10.   DATES FOR FURTHER CONFERENCES

The Court will set a date for a further Scheduling Conference with regard to further proceedings in the case, after ruling on the Plaintiff's Motion for Preliminary Injunction.

## 11.   OTHER SCHEDULING MATTERS

a.   **Unagreed issues.**

None.

b.   **Anticipated length of hearing on preliminary injunction.**

The Court will set the length of any hearing on the Motion for Preliminary Injunction scheduled by the Court.

c.   **Pretrial proceedings at Court's facility in Colorado Springs.**

None.

---

[1] Although the Defendant's Motion to Dismiss (filed July 30, 2010), does not affect the resolution of the Plaintiff's Motion for Preliminary Injunction, the deadline for the Defendants' reply in support of the motion to dismiss was extended by the Court pending the entry of a schedule for resolving the Motion for Preliminary Injunction.  With the entry of this Order, the Court now sets a deadline for the Defendant's reply to the motion to dismiss.

## 12. NOTICE TO COUNSEL

A party filing a motion for extension of time or continuance must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client and all attorneys of record.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered only upon motion and a showing of good cause.

DATED this _____ day of _____, 2010.

BY THE COURT:

_____
United States Magistrate Judge

s/ George S. Issacson
George S. Isaacson
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel.: (207) 786−3566
Fax:  (207) 783-9325
E-mail: gisaacson@brannlaw.com
           mschaefer@brannlaw.com
*Attorneys for The Direct Marketing Association*