IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01546-REB-CBS

THE DIRECT MARKETING ASSOCIATION,

Plaintiff,

v.

ROXY HUBER, in her capacity as Executive Director,
COLORADO DEPARTMENT OF REVENUE,

Defendant.

### DEFENDANT'S UNOPPOSED MOTION FOR A THREE-DAY EXTENSION OF TIME TO PRODUCE FINAL EXPERT REPORT

Defendant, Roxy Huber, in her official capacity as the Executive Director of the Colorado Department of Revenue, ("Director" or "Department"), through the Colorado Attorney General's Office, respectfully moves the Court for a three-day extension of time in which to produce a final expert report for one of its experts.  As grounds therefore, Defendant states as follows:

1. Pursuant to D.C.COLO.LCivR. 7.1A of the Federal Rules of Civil Procedure, counsel for Defendant conferred with counsel for Plaintiff via email on October 27 and 28, 2010.  Plaintiff does not object to the relief requested in this motion.

2. Under the Scheduling Order entered by the Court on October 1, 2010, the deadline for Defendant to complete its Rule 26(f) disclosures in connection with Plaintiff's Motion for Preliminary Injunction is November 5, 2010.

3. Defendant anticipates designating three experts in connection with

Plaintiff's Motion for Preliminary Injunction. Defendant anticipates producing complete Rule 26(f) materials for two of its experts by November 5, 2010. Defendant, however, only recently was able to retain a third expert whose opinions will be offered to rebut the opinions of Plaintiff's expert, F. Curtis Barry, who offered opinions regarding the costs for retailers to comply with the challenged Act. Accordingly, Defendant requests an additional three days in which to produce a final expert report for this expert.

4. Rule 16(b) permits modification of a scheduling order for good cause. "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." *Pumpco, Inc. v. Schenker, Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal quotations and citations omitted).

5. Good cause exists for a short extension of time to produce a full report for Defendant's compliance costs expert. The requested extension is actually a partial extension with regard to Defendant's Rule 26(a)(2)(B) materials for this expert. The parties have agreed that for this expert, Defendant will disclose to Plaintiff by November 5, 2010, the name of the expert, a summary of his qualifications, and a summary of his opinions and the bases therefore. The parties further have agreed to begin discussions regarding scheduling this expert's deposition and the depositions of

Defendant's other experts prior to Defendant's November 5, 2010 disclosure deadline. Defendant then will produce her compliance costs expert's final report by November 10, 2010.

6. Although Plaintiff's other two experts' opinions were previously disclosed with its Motion for Preliminary Injunction, Plaintiff did not identify Mr. Barry or produce his opinions until October 1, 2010. Defendant did not receive all the materials relating to Mr. Barry's opinions until October 15, 2010. Since that time, counsel for Defendant has devoted considerable effort to locating and retaining an expert with the appropriate subject matter expertise to respond to Mr. Barry's opinions.

7. Defendant has made diligent efforts to comply with the deadlines set in the Scheduling Order. Granting the requested relief will not prejudice any party and will not result in any delay in meeting the remaining deadlines in this case, including the November 19 deadline for Plaintiff to depose Defendant's experts.

8. As required by to D.C.COLO.LCivR. 6.1D, Defendant represents that she sought a prior extension of time in which to respond to the Complaint. Additionally, while the parties attempted to work out a process and schedule for the preliminary injunction phase of the case, Defendant also sought to extend the time in which to respond to the Motion for Preliminary Injunction and reply in support of her Motion to Dismiss. These extensions were granted in some form.

9. Pursuant to D.C.COLO.LCivR. 6.1E, counsel for Defendant certifies that a copy of this Motion has been served on Defendant at the address listed in the Certificate of Service.

WHEREFORE, Defendant requests this Court enter an Order granting Defendant up to and including November 15, 2010 in which to produce a final expert report for its expert on the issue of compliance costs.

Respectfully submitted this 28th day of October, 2010.

    JOHN W. SUTHERS, Attorney General

    *s/ Stephanie Lindquist Scoville*
    STEPHANIE LINDQUIST SCOVILLE*
    Senior Assistant Attorney General
    Civil Litigation and Employment Law Section
    Telephone:  303.866.5241
    FAX:  303.866.5443
    E-Mail: stephanie.scoville@state.co.us

    JACK M. WESOKY*
    Senior Assistant Attorney General
    MELANIE SNYDER*
    Assistant Attorney General
    Revenue, Business and Licensing
    Telephone: (303) 866-5512 (Wesoky)
    Telephone: (303) 866-5273 (Snyder)
    Fax: (303) 866-5395
    E-mail: jack.wesoky@state.co.us
    E-mail: melanie.snyder@state.co.us
    *Counsel of Record

    Attorneys for Defendant

    1525 Sherman Street, 7th Floor
    Denver, Colorado  80203

    *Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2010, I electronically filed the foregoing **DEFENDANT'S MOTION FOR A THREE-DAY EXTENSION OF TIME TO PRODUCE FINAL EXPERT REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-addresses:

gissacson@brannlaw.com
mschafer@brannlaw.com

*Attorney for Plaintiff*

and I hereby certify that I have mailed or served the document of paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ms. Roxy Huber
Executive Director
Colorado Department of Revenue
1375 Sherman Street
Denver, Colorado  80261

*Defendant*

            *s/ Stephanie Lindquist Scoville*