NOTE:  This bill has been prepared for the signature of the appropriate legislative officers and the Governor.  To determine whether the Governor has signed the bill or taken other action on it, please consult the legislative status sheet, the legislative history, or the Session Laws.



HOUSE BILL 10-1193

BY REPRESENTATIVE(S) Pommer, Benefield, Hullinghorst, Judd, Labuda, Merrifield, Frangas, Kagan, Ryden, Schafer S.;
also SENATOR(S) Heath.

CONCERNING THE COLLECTION OF SALES AND USE TAXES ON SALES MADE BY
    OUT-OF-STATE RETAILERS, AND MAKING AN APPROPRIATION
    THEREFOR.

*Be it enacted by the General Assembly of the State of Colorado:*

SECTION 1. 39-26-102 (3) (b) and (8), Colorado Revised Statutes, are amended to read:

**39-26-102. Definitions.** As used in this article, unless the context otherwise requires:

(3)  "Doing business in this state" means the selling, leasing, or delivering in this state, or any activity in this state in connection with the selling, leasing, or delivering in this state, of tangible personal property by a retail sale as defined in this section, for use, storage, distribution, or consumption within this state. This term includes, but shall not be limited to, the following acts or methods of transacting business:

---

*Capital letters indicate new material added to existing statutes; dashes through words indicate deletions from existing statutes and such material not part of act.*

(b) (I)   The soliciting, either by direct representatives, indirect representatives, manufacturers' agents, or by distribution of catalogues or other advertising, or by use of any communication media, or by use of the newspaper, radio, or television advertising media, or by any other means whatsoever, of business from persons residing in this state and by reason thereof receiving orders from, or selling or leasing tangible personal property to, such persons residing in this state for use, consumption, distribution, and storage for use or consumption in this state.

(II)   COMMENCING MARCH 1, 2010, IF A RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX IS PART OF A CONTROLLED GROUP OF CORPORATIONS, AND THAT CONTROLLED GROUP HAS A COMPONENT MEMBER THAT IS A RETAILER WITH PHYSICAL PRESENCE IN THIS STATE, THE RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX IS PRESUMED TO BE DOING BUSINESS IN THIS STATE.   FOR PURPOSES OF THIS SUBPARAGRAPH (II), "CONTROLLED GROUP OF CORPORATIONS" HAS THE SAME MEANING AS SET FORTH IN SECTION 1563 (a) OF THE FEDERAL "INTERNAL REVENUE CODE OF 1986", AS AMENDED, AND "COMPONENT MEMBER" HAS THE SAME MEANING AS SET FORTH IN SECTION 1563 (b) OF THE FEDERAL "INTERNAL REVENUE CODE OF 1986", AS AMENDED.   THIS PRESUMPTION MAY BE REBUTTED BY PROOF THAT DURING THE CALENDAR YEAR IN QUESTION, THE COMPONENT MEMBER THAT IS A RETAILER WITH PHYSICAL PRESENCE IN THIS STATE DID NOT ENGAGE IN ANY CONSTITUTIONALLY SUFFICIENT SOLICITATION IN THIS STATE ON BEHALF OF THE RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX.

(8)   "Retailer" or "vendor" means a person doing a retail business IN THIS STATE, known to the trade and public as such, and selling to the user or consumer, and not for resale.

**SECTION 2.**   39-21-112, Colorado Revised Statutes, is amended BY THE ADDITION OF A NEW SUBSECTION to read:

**39-21-112.  Duties and powers of executive director.**   (3.5) (a) IF ANY RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX REFUSES VOLUNTARILY TO FURNISH ANY OF THE INFORMATION SPECIFIED IN SUBSECTION (1) OF THIS SECTION WHEN REQUESTED BY THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF REVENUE OR HIS OR HER EMPLOYEE, AGENT, OR REPRESENTATIVE, THE EXECUTIVE DIRECTOR, BY SUBPOENA ISSUED UNDER THE EXECUTIVE DIRECTOR'S HAND, MAY REQUIRE THE

PAGE 2-HOUSE BILL 10-1193

Exh.1
D002

ATTENDANCE OF THE RETAILER AND THE PRODUCTION BY HIM OR HER OF ANY OF THE FOREGOING INFORMATION IN THE RETAILER'S POSSESSION AND MAY ADMINISTER AN OATH TO HIM OR HER AND TAKE HIS OR HER TESTIMONY.  IF THE RETAILER FAILS OR REFUSES TO RESPOND TO SAID SUBPOENA AND GIVE TESTIMONY, THE EXECUTIVE DIRECTOR MAY APPLY TO ANY JUDGE OF THE DISTRICT COURT OF THE STATE OF COLORADO TO ENFORCE SUCH SUBPOENA BY ANY APPROPRIATE ORDER, INCLUDING, IF APPROPRIATE, AN ATTACHMENT AGAINST THE RETAILER AS FOR CONTEMPT, AND UPON HEARING, SAID JUDGE HAS, FOR THE PURPOSE OF ENFORCING OBEDIENCE TO THE REQUIREMENTS OF SAID SUBPOENA, POWER TO MAKE SUCH ORDER AS, IN HIS OR HER DISCRETION, HE OR SHE DEEMS CONSISTENT WITH THE LAW FOR PUNISHMENT OF CONTEMPTS.

(b)  FOR PURPOSES OF THIS SUBSECTION (3.5), "RETAILER" SHALL HAVE THE SAME MEANING AS SET FORTH IN SECTION 39-26-102 (8).

(c) (I)  EACH RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX SHALL NOTIFY COLORADO PURCHASERS THAT SALES OR USE TAX IS DUE ON CERTAIN PURCHASES MADE FROM THE RETAILER AND THAT THE STATE OF COLORADO REQUIRES THE PURCHASER TO FILE A SALES OR USE TAX RETURN.

(II)  FAILURE TO PROVIDE THE NOTICE REQUIRED IN SUBPARAGRAPH (I) OF THIS PARAGRAPH (c) SHALL SUBJECT THE RETAILER TO A PENALTY OF FIVE DOLLARS FOR EACH SUCH FAILURE, UNLESS THE RETAILER SHOWS REASONABLE CAUSE FOR SUCH FAILURE.

(d) (I) (A)  EACH RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX SHALL SEND NOTIFICATION TO ALL COLORADO PURCHASERS BY JANUARY 31 OF EACH YEAR SHOWING SUCH INFORMATION AS THE COLORADO DEPARTMENT OF REVENUE SHALL REQUIRE BY RULE AND THE TOTAL AMOUNT PAID BY THE PURCHASER FOR COLORADO PURCHASES MADE FROM THE RETAILER IN THE PREVIOUS CALENDAR YEAR. SUCH NOTIFICATION SHALL INCLUDE, IF AVAILABLE, THE DATES OF PURCHASES, THE AMOUNTS OF EACH PURCHASE, AND THE CATEGORY OF THE PURCHASE, INCLUDING, IF KNOWN BY THE RETAILER, WHETHER THE PURCHASE IS EXEMPT OR NOT EXEMPT FROM TAXATION. THE NOTIFICATION SHALL STATE THAT THE STATE OF COLORADO REQUIRES A SALES OR USE TAX RETURN TO BE FILED AND SALES OR USE TAX PAID ON CERTAIN COLORADO PURCHASES MADE BY THE PURCHASER FROM THE RETAILER.

PAGE 3-HOUSE BILL 10-1193

(B) THE NOTIFICATION SPECIFIED IN SUB-SUBPARAGRAPH (A) OF THIS SUBPARAGRAPH (I) SHALL BE SENT SEPARATELY TO ALL COLORADO PURCHASERS BY FIRST-CLASS MAIL AND SHALL NOT BE INCLUDED WITH ANY OTHER SHIPMENTS. THE NOTIFICATION SHALL INCLUDE THE WORDS "IMPORTANT TAX DOCUMENT ENCLOSED" ON THE EXTERIOR OF THE MAILING. THE NOTIFICATION SHALL INCLUDE THE NAME OF THE RETAILER.

(II) (A) EACH RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX SHALL FILE AN ANNUAL STATEMENT FOR EACH PURCHASER TO THE DEPARTMENT OF REVENUE ON SUCH FORMS AS ARE PROVIDED OR APPROVED BY THE DEPARTMENT SHOWING THE TOTAL AMOUNT PAID FOR COLORADO PURCHASES OF SUCH PURCHASERS DURING THE PRECEDING CALENDAR YEAR OR ANY PORTION THEREOF, AND SUCH ANNUAL STATEMENT SHALL BE FILED ON OR BEFORE MARCH 1 OF EACH YEAR.

(B) THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF REVENUE MAY REQUIRE ANY RETAILER THAT DOES NOT COLLECT COLORADO SALES TAX THAT MAKES TOTAL COLORADO SALES OF MORE THAN ONE HUNDRED THOUSAND DOLLARS IN A YEAR TO FILE THE ANNUAL STATEMENT DESCRIBED IN SUB-SUBPARAGRAPH (A) OF THIS SUBPARAGRAPH (II) BY MAGNETIC MEDIA OR ANOTHER MACHINE-READABLE FORM FOR THAT YEAR.

(III) (A) FAILURE TO SEND THE NOTIFICATION REQUIRED IN SUBPARAGRAPH (I) OF THIS PARAGRAPH (d) SHALL SUBJECT THE RETAILER TO A PENALTY OF TEN DOLLARS FOR EACH SUCH FAILURE, UNLESS THE RETAILER SHOWS REASONABLE CAUSE FOR SUCH FAILURE.

(B) FAILURE TO FILE THE ANNUAL STATEMENT REQUIRED IN SUB-SUBPARAGRAPH (A) OF SUBPARAGRAPH (II) OF THIS PARAGRAPH (d) SHALL SUBJECT THE RETAILER TO A PENALTY OF TEN DOLLARS FOR EACH PURCHASER THAT SHOULD HAVE BEEN INCLUDED IN SUCH ANNUAL STATEMENT, UNLESS THE RETAILER SHOWS REASONABLE CAUSE FOR SUCH FAILURE.

**SECTION 3.** Part 1 of article 21 of title 39, Colorado Revised Statutes, is amended BY THE ADDITION OF A NEW SECTION to read:

**39-21-122. Revenue impact of 2010 tax legislation - tracking by department.** THE DEPARTMENT OF REVENUE SHALL ACCOUNT FOR ALL REVENUE ATTRIBUTABLE TO THE ENACTMENT OF HOUSE BILL 10-1193,

PAGE 4-HOUSE BILL 10-1193

Exh. 1
D004

ENACTED IN 2010, AND SHALL, TO THE EXTENT SUCH INFORMATION IS AVAILABLE, MAKE QUARTERLY REPORTS TO THE GENERAL ASSEMBLY REGARDING THE QUARTERLY AND CUMULATIVE NET REVENUE GAIN TO THE STATE RESULTING FROM THE ENACTMENT OF SAID BILL.

**SECTION 4.** Part 1 of article 75 of title 24, Colorado Revised Statutes, is amended BY THE ADDITION OF A NEW SECTION to read:

**24-75-113. 2010 bills to increase state revenue - prohibition on hiring of new state employees.** NO MONEYS DERIVED FROM THE INCREASE IN STATE REVENUES RESULTING FROM THE PASSAGE OF HOUSE BILL 10-1193, ENACTED IN 2010, SHALL BE APPROPRIATED FOR THE PURPOSE OF FUNDING ADDITIONAL FULL-TIME EQUIVALENT STATE EMPLOYEES, EXCEPT FOR ANY FULL-TIME EQUIVALENT STATE EMPLOYEES NECESSARY TO ENFORCE THE PROVISIONS OF SAID HOUSE BILL 10-1193.

**SECTION 5. Appropriation.** (1) In addition to any other appropriation, there is hereby appropriated, out of any moneys in the general fund not otherwise appropriated, to the department of revenue, for allocation to the taxation business group, for the fiscal year beginning July 1, 2010, the sum of one hundred thirty-one thousand five hundred eighty-four dollars ($131,584) and 1.0 FTE, or so much thereof as may be necessary, for the implementation of this act.

(2) In addition to any other appropriation, there is hereby appropriated to the department of law, for the fiscal year beginning July 1, 2010, the sum of forty thousand dollars ($40,000), or so much thereof as may be necessary, for the provision of legal services to the department of revenue related to the implementation of this act. Said sum shall be from reappropriated funds received from the department of revenue out of the appropriation made in subsection (1) of this section.

(3) In addition to any other appropriation, there is hereby appropriated, out of any moneys in the general fund not otherwise appropriated, to the department of revenue, for allocation to the taxpayer service division for the fiscal year beginning July 1, 2010, the sum of thirty thousand dollars ($30,000), or so much thereof as may be necessary, for the implementation of this act.

**SECTION 6. Safety clause.** The general assembly hereby finds,

PAGE 5-HOUSE BILL 10-1193

Exh.1
D005

determines, and declares that this act is necessary for the immediate preservation of the public peace, health, and safety.


_____              _____
Terrance D. Carroll                                      Brandon C. Shaffer
SPEAKER OF THE HOUSE                          PRESIDENT OF
OF REPRESENTATIVES                               THE SENATE



_____              _____
Marilyn Eddins                                           Karen Goldman
CHIEF CLERK OF THE HOUSE                    SECRETARY OF
OF REPRESENTATIVES                               THE SENATE



APPROVED_____



_____
Bill Ritter, Jr.
GOVERNOR OF THE STATE OF COLORADO



PAGE 6-HOUSE BILL 10-1193