DEPOSITION EXHIBIT 32 CF 10/21/10

| | |
|---|---|
| From: | Matthew P. Schaefer |
| To: | Kevin L. Keller |
| Cc: | George S. Isaacson |
| Bcc: | Jolene LaJoie |
| Subject: | DMA/ Colorado litigation |
| Date: | Friday, September 10, 2010 4:01:00 PM |
| Attachments: | image001.png |

Kevin:

In connection with your role as an expert on behalf of the Direct Marketing Association ("DMA") in the Colorado litigation, we are required under the Federal Rules of Civil Procedure to make certain disclosures to the opposing party. In addition, we have reached an agreement with opposing counsel from the Colorado Attorney General's Office on a proposed expedited discovery schedule that would result in a final ruling on the DMA's claims that the new Colorado notice and reporting law violates the Commerce Clause of the United States Constitution. (The DMA's other constitutional claims, for violation of the right of privacy, First Amendment, Due Process, and Taking Clauses, are deferred under the proposed schedule, and will be addressed only if the state prevails on the Commerce Clause claims.) Under the proposed, expedited schedule, the DMA's expert disclosures, including copies of discoverable, non-privileged documents retained by the DMA's experts, are due **September 20, 2010**. The Court has not yet approved this proposed expedited schedule, but in order that we may be prepared to meet the September 20 deadline, I am writing to set forth what we would need from you to meet the deadline.

The good news is that we have much of what we need already, and that the requirements are largely the same as those you will recall       Redaction - Unrelated
Moreover, you will, of course, be compensated for the additional time required to satisfy the requirements. In that regard, please be sure to separately account for the time needed to comply with the basic, Rule 26 expert disclosures (described below), as compared to time required to assemble and forward any documents or files retained on the matter, since time spent gathering documents will ultimately be paid for by the opposing party.

<u>Rule 26(a)(2)(B)</u>

Under Rule 26, our expert disclosures must include a written report that contains:
  (1) A complete statement of all opinions and the basis and reasons for them;
  (2) The data or other information considered by the witness in forming the opinions;
  (3) Any exhibits that will be sued to summarize them;
  (4) The witnesses qualifications, including a list of publications authored in the previous 10 years;
  (5) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
  (6) A statement of the compensation to be paid for the study and testimony in the case.

What we have already submitted to the court in connection with your declaration in support of the DMA's motion for preliminary injunction satisfies nearly all of these requirements. With regard to Item (2), please let me know if you considered anything in particular beyond the statute, regulations, and survey data/results. With regard to item (5), I have information through early 2010  Redaction - Unrelated  – please let me know if you have testified as an expert at deposition or

trial in any other matter since January 2010.

Other documents/files/materials

Separate from the basic disclosure requirements, we have agreed with opposing counsel to provide other discoverable, non-privileged documents retained by the DMAs experts (and the state has agreed to provide the same materials for their expert(s), should they hire any). We by no means expect to provide everything you have retained, but I believe that the most straightforward way to address the disclosure of additional materials is for you to forward to me, in whatever manner is convenient (e-mail is fine, or by creating a disc containing the materials, or by mailing hard copies) all of the documents you have concerning your work on the case. This would include the survey, drafts of the questionnaire, e-mail communications with our office, notes of phone calls, time sheets/records, etc. If you have any questions about compiling the materials, please let me know. If you are able to provide such materials so that I have them in hand by close of business on September 17, 2010, I can review them over the week-end prior to September 20.

I would propose that we schedule a call Monday or Tuesday next week just to review the process and cover any questions or concerns you may have. I am generally available both days.

Thanks in advance for your assistance.

Matt

**Matthew P. Schaefer** | BRANN & ISAACSON

207.786.3566 | mschaefer@brannlaw.com