DEPOSITION EXHIBIT CF
90
10/22/10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10–CV–01546–REB–CBS

The Direct Marketing Association,

    Plaintiff,

v.

Roxy Huber, in her capacity as Executive
    Director, Colorado Department of Revenue,

    Defendant.

---

## EXPERT REPORT OF THOMAS J. ADLER, PHD.

---

I am **Thomas J. Adler, PhD.**, the President of Resource Systems Group, inc. ("RSG"). RSG was retained in May 2010 by Brann & Isaacson, as counsel to the Direct Marketing Association ("DMA"), to perform a survey of Colorado consumers ("Study") to determine their reactions to the requirements of a new Colorado law, enacted in February 2010, and referred to as An Act Concerning the Collection of Sales and Use Taxes On Sales Made By Out-of-State Retailers, and Making an Appropriation Therefor ("the Act").

## I.   STATEMENT OF OPINIONS.

Based upon my review and consideration of the data and information described in Section II, and applying my experience and expertise in designing, implementing, executing, and/or interpreting hundreds of consumer surveys, I have formed the

opinions and conclusions regarding the Study that are set forth in paragraphs 3, 4, and 6 through 10 of my declaration dated August 10, 2010 ("Declaration"), a copy of which is attached hereto as Exhibit 1, and on page 4 of the *Final Results* of the Study dated August 9, 2010 ("*Final Results*"), a copy of which is attached as Exhibit B to my Declaration. I have also formed the opinions and conclusions regarding the results of the Study set forth in paragraph 5 of my Declaration and on pages 2, 5 and 6 of the *Final Results*.

## II. DATA AND INFORMATION CONSIDERED IN FORMING OPINIONS.

The data or other information I considered in forming my opinions includes:

A. A copy of the Act;

B. A copy of Emergency Regulation 39-21-112.3.5, which I understand was adopted to implement certain requirements of the Act regarding notices by retailers that do not collect Colorado sales tax;

C. A copy of Regulation 39-21-112.3.5, which I understand was adopted by the Colorado Department of Revenue to implement all of the notice and reporting provisions the Act;

D. Data regarding the demographics of the survey panel of Colorado residents used in the Study;

E. Data regarding the responses of the participants in the Study to the Study questionnaire;

    F.    The outcome/results of Study, including the information set forth in the *Final Results*;

    G.    KnowledgeNetworks, "*KnowledgePanel Calibration$^{sm}$, Using KnowledgePanel® to Improve the Sample Representativeness and Accuracy of Opt-In Panel Data*" (February 26, 2010); and

    H.    KnowledgeNetworks, Project Statement, CO Tax Policy (May 27, 2010).

## III. EXHIBITS.

The Exhibits that may be used to summarize or support my opinions include the documents identified in Section II.

## IV. QUALIFICATIONS AND PUBLICATIONS.

Attached hereto as Exhibit 2 is a current copy of my current *curriculum vitae*, which reflects certain updates as compared to the copy attached to my Declaration, and includes a list of publications I have authored in the previous ten years.

## V. RECENT TESTIMONY.

I have not testified as an expert at trial or at deposition in a litigation matter during the past four years.

## VI. STATEMENT OF COMPENSATION.

RSG's fee for work done through completion of the *Final Results* was $39,900. Additional compensation will be at RSG's standard hourly rates for the professionals involved. My hourly rate for this matter is $ 340.44 / hr.

Dated: September 23, 2010            s/ Thomas J. Adler
                                                     Thomas J. Adler, PhD.