IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01546-REB-CBS

The Direct Marketing Association,

    Plaintiff,

    v.

Roxy Huber, in her capacity as Executive
   Director, Colorado Department of Revenue,

    Defendant.

___

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ADDITIONAL, SURREPLY BRIEFING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, FILED BY THE DEFENDANT AS AN UNTIMELY AND NON-CONFORMING MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES [#71]**
___

Plaintiff, the Direct Marketing Association moves to strike the **Defendant's Amended Motion to Exclude the Testimony of Plaintiff's Expert Witnesses F. Curtis Barry, Thomas Adler, and Kevin Lane Keller [#71]** ("Amended Motion"), filed on December 20, 2010, purportedly with reference to the future, yet-to-be-scheduled trial on the merits in this action, because the Amended Motion: (1) is untimely on its face; (2) violates this Court's Civil Practice Standard V.G.1 for motions under Rule of Evidence 702; and (3) constitutes nothing more than a thinly–veiled attempt by the Defendant to submit additional, surreply briefing in opposition to the Plaintiff's Motion for Preliminary Injunction [#15] now before the Court, in violation of D.C.COLO.LCivR.

7.1C., and the Court's October 1, 2010 Scheduling Order [#40]. For all these reasons, the Amended Motion should be stricken under REB Civil Practice Standards V.C.1.– 3.[1]

**D.C.COLO.LCivR. 7.1A Certification**. Counsel for the DMA has conferred with counsel for the Defendant in accordance with D.C.COLO.LCivR. 7.1A. and the Defendant opposes the relief requested in this motion.

**Procedural Background**

The Plaintiff filed its motion for preliminary injunction [#15] on August 13, 2010. Pursuant to the Court's Scheduling Order [#40], discovery from the Plaintiff's experts was completed on October 22. The Defendant filed her Response in Opposition to the Plaintiff's Motion for Preliminary Injunction [#50] ("Opposition") on November 19. In her Opposition, the Defendant argued that the Court should discount the testimony of the Plaintiff's experts. On November 29, the Plaintiff filed its Reply brief [#56], responding to the arguments made by the Defendant in her Opposition. With the filing of the Plaintiff's Reply, briefing on the Plaintiff's motion for preliminary injunction was complete. *See* Scheduling Order [#40] at 8.

Pursuant to an Order of the Court issued on November 8, 2010 [#49], upon conclusion of the briefing, the parties' on December 3, 2010, filed their Joint Status Report Regarding Hearing on Motion for Preliminary Injunction [#58] ("Joint Status Report"). For purposes of the motion for preliminary injunction, the parties agreed and stipulated that the Court should admit into the record all of the declarations and other

---

[1] If the Defendant's original Motion to Exclude the Testimony of Plaintiff's Expert Witnesses F. Curtis Barry, Thomas Adler, and Kevin Lane Keller [#63] ("Original Motion") filed December 16, 2010, is not automatically superseded and rendered moot by the filing of the Amended Motion, then Plaintiff requests that the Court strike the Original Motion, as well.

exhibits, including deposition excerpts that the parties had filed in support of their briefs concerning the motion. Joint Status Report [#58] at 2. The Defendant further agreed and stipulated that the Court should admit into the record such additional deposition excerpts as the parties respectively chose to designate and file with the Court in their Joint Designation of Additional Deposition Testimony (filed December 17). *Id.* On December 6, 2010, the Court entered an Order [#59], expressly approving "the stipulations stated in the joint status report concerning the composition of the record relevant to plaintiff's motion." Order, ¶2.

On December 16, 2010, the Defendant filed her Original Motion under Rule 702, with no explanation that the motion was being filed concerning the ultimate trial on the merits. Plaintiff's counsel promptly informed Defendant's counsel that the Original Motion was directly at odds with Court's December 6 Order [#59] and the parties' December 3 stipulations concerning the composition of the record for the preliminary injunction motion. The Defendant then amended her motion to specify that she seeks to exclude the Plaintiff's expert testimony only from the future, yet-to-be-schedule trial in this action. *See* Amended Motion at 1 n.1. At the same time, she also modified the motion to request that the Court give no weight to the Plaintiff's expert testimony in deciding the motion for preliminary injunction, based upon the arguments contained in her Amended Motion.

The October 1 Scheduling Order is the only scheduling order entered by the Court in this action. The Court has never entered an order setting a deadline for final

3

expert witness disclosures or discovery, for the filing of motions under Federal Rule of Evidence 702, or setting a date for trial.

### Argument

I. **AS A MOTION TO EXCLUDE EXPERT TESTIMONY FROM TRIAL UNDER FEDERAL RULE OF EVIDENCE 702, THE MOTION IS UNTIMELY, AT ODDS WITH THE COURT'S PRACTICE STANDARDS REGARDING MOTIONS UNDER RULE 702, AND SHOULD BE STRICKEN, WITHOUT PREJUDICE.**

On its face, the Amended Motion purports to be a motion pursuant to Fed. R. Evid. 702 to exclude the testimony of the Plaintiff's experts from a future trial in this matter. Under REB Civ. Practice Standard V.G.1., motions "implicating Fed. R. Evid. 702 shall be filed and marshaled in the time, format, and manner required in the Trial Preparation Conference Order or as otherwise ordered." The Court has not entered a Trial Preparation Conference Order, or otherwise directed the parties in what manner, and at what time, to present Rule 702 motions. The Amended Motion thus contravenes the Court's Practice Standards, and should be stricken without prejudice under REB Civ. Practice Standards V.C.1, V.C.3, and V.G.1.

The Amended Motion is likewise untimely because the proceedings to date, as the Court's October 1 Scheduling Order makes clear, concern solely the Plaintiff's motion for preliminary injunction. The Court has not yet set a schedule for, nor have the parties submitted, expert witness disclosures for purposes of the ultimate trial on the merits. Additional discovery, or subsequent events, may well alter the nature of the parties' proposed expert testimony for trial. The Defendant's motion is therefore inapt, or at best grossly pre-mature, anticipating trial testimony that the Plaintiff has not yet offered for that purpose, in connection with a yet-to-be-scheduled trial that likely will not

take place (if a trial is required at all) for many months.  The Amended Motion should, therefore, be stricken as untimely in accordance with REB Civ. Practice Standard V.C.1. for that reason, as well.

II. **AS A PLEADING SUBMITTED FOR THE COURT'S CONSIDERATION IN CONNECTION WITH THE PLANTIFF'S MOTION FOR PRELIMINARY INJUNCTION, THE AMENDED MOTION IS UNTIMELY AND CONSTITUTES IMPERMISSIBLE FURTHER SURRREPLY BRIEFING BY THE DEFENDANT.**

Although nominally moving to exclude the Plaintiff's experts from testifying at trial in this matter, the Defendant expressly requests that the Court consider her arguments in the Amended Motion when weighing the testimony of the Plaintiff's experts in connection with the Plaintiff's motion for preliminary injunction.  The Defendant, however, has already made such arguments in her Opposition, submitted on November 19, nearly a month after the completion of discovery from the Plaintiff's experts.   In effect, in the guise of a Rule 702 motion for trial, the Defendant has submitted an additional 20 pages of briefing on the motion for preliminary injunction, three weeks after the close of briefing under the Court's October 1 Scheduling Order.

As a filing made by the Defendant in further opposition to the Plaintiff's motion for preliminary injunction, the Amended Motion should be stricken for multiple reasons. First, it constitutes a surreply not contemplated under Local Rule 7.1C. *See Windsor v. Aasen*, 2009 WL 5184170, at *1 (Dec. 18, 2010) (Local Rules do not contemplate surreplies, which can only be filed with leave of Court).  Next, the Amended Motion is at odds with the terms of the Court's October 1 Scheduling Order, which set forth the schedule for briefing on the motion for preliminary injunction (at 7–8) and deemed briefing closed with the filing of the Plaintiff's Reply on November 29.  In addition, as

5

further argument on the Plaintiff's motion, the Defendant's Amended Motion to exclude also constitutes an untimely response, and should be stricken pursuant to REB Civ. Practice Standard V.C.2.

The Defendant's Amended Motion is patently improper for still another reason. The Scheduling Order entered by the Court was designed to permit resolution of the Plaintiff's motion for preliminary injunction in "an efficient manner." Scheduling Order at 7 (sec. 6.f.). By filing her Amended Motion and requesting the Court to consider it, the Defendant has attempted to initiate a full, second round of briefing on the Plaintiff's motion. That is hardly efficient, especially where the Defendant has already made similar arguments in her Opposition regarding the weight the Court should give the testimony of the Plaintiff's experts. Should the Plaintiff then file its own motion to exclude the Defendant's experts, inviting still another round of briefing related to the motion for preliminary injunction? By the Defendant's logic, if untimely motions under Fed. R. Evid. 702 are permissible vehicles for argument to the Court regarding the motion for preliminary injunction, then the parties should be free to file motions *in limine* at this time to exclude from some future trial other kinds of evidence that the parties have already stipulated are admissible on the motion for preliminary injunction, and invite the Court not to act on the untimely motions, but simply to consider them in weighing the evidence now. Such motions, of course, would not be proper, neither is the Defendant's Amended Motion. It should be stricken, without prejudice to the Defendant to contest the admissibility of testimony from the Plaintiff's experts at the time of trial.

WHEREFORE, the DMA requests that the Court strike the Defendant's Amended Motion to Exclude the Testimony of Plaintiff's Expert Witnesses F. Curtis Barry, Thomas Adler, and Kevin Lane Keller, without prejudice.

Dated: December 22, 2010

                                                                           s/ Matthew P. Schaefer
George S. Isaacson
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel.: (207) 786−3566
Fax:  (207) 783-9325
E-mail: gisaacson@brannlaw.com
         mschaefer@brannlaw.com
*Attorneys for The Direct Marketing Association*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2010, I electronically filed the foregoing, Plaintiff's Motion to Strike Defendant's Additional, Surreply Briefing on Plaintiff's Motion for Preliminary Injunction, Filed By the Defendant as an Untimely and Non-Conforming Motion to Exclude the Testimony of Plaintiff's Expert Witnesses [#71] using the CM/ECF system, which will send notification of such filing to counsel of record:

Jack Wesocky, Jr.
Senior Assistant Attorney General
State of Colorado
1525 Sherman Street, 7th Floor
Denver, CO 80203
Jack.Wesocky@state.co.us

Stephanie Lindquist Scoville
Senior Assistant Attorney General
State of Colorado
1525 Sherman Street, 7th Floor
Denver, CO 80203
stephanie.scoville@state.co.us

Melanie J. Snyder
Assistant Attorney General
State of Colorado
1525 Sherman Street, 7th Floor
Denver, CO 80203
melanie.snyder@state.co.us

Attorneys for Defendant

s/ Matthew P. Schaefer
Matthew P. Schaefer