IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01546-REB-CBS

The Direct Marketing Association,

    Plaintiff,

v.

Roxy Huber, in her capacity as Executive Director, Colorado Department of Revenue,

    Defendant.

**DEFENDANT'S RESPONSE TO "PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ADDITIONAL, SURREPLY BRIEFING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, FILED BY THE DEFENDANT AS AN UNTIMELY AND NON-CONFORMING MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES" [#72]**

Defendant, Roxy Huber in her capacity as Executive Director, Colorado Department of Revenue ("Department"), responds to "Plaintiff's Motion to Strike Defendant's Additional, Surreply Briefing on Plaintiff's Motion for Preliminary Injunction, Filed by the Defendant As an Untimely and Non-Conforming Motion to Exclude the Testimony of Plaintiff's Expert Witnesses" [Dkt.#72] as follows:

**Procedural Background**

The procedural history of this case to date has been unusual and somewhat circuitous. Prior to any discovery, Plaintiff filed a Motion for Preliminary Injunction [Dkt.# 15]. Following Plaintiff's Motion for Preliminary Injunction, the parties entered into a scheduling order, which provided only for expert discovery, with that expert discovery limited to the issues raised in the Motion for Preliminary Injunction [Dkt.# 40]. The

1

parties exchanged expert disclosures and deposed the experts.  Following briefing on the Motion, the parties filed a Joint Status Report [Dkt.#58], in which the parties stipulated to oral argument on legal issues raised in the Motion for Preliminary Injunction in lieu of an evidentiary hearing.  Defendant then filed her Amended Motion to Exclude the Testimony of Plaintiff's Expert Witnesses F. Curtis Barry, Thomas Adler and Kevin Lane Keller [Dkt.#71], , which challenges the <u>admissibility</u> of Plaintiff's experts under Rule 702 ("702 Motion") for purposes of the trial on the merits.  Rather than respond to the 702 Motion, Plaintiff moves to strike it as untimely and improper.

### Defendant's 702 Motion is Neither Untimely Nor Improper Under the Court's Practice Standards.

Plaintiff first contends that Defendant's 702 Motion should be stricken because it fails to conform with the Court's Practice Standards.  REB Civ. Practice Standard IV C. 2. prescribes the form of Trial Preparation Conference Order, and appears to apply when cases are in the final stage prior to trial, with discovery complete.  This case is unusual in that expert discovery on limited issues related to the Motion for Preliminary Injunction has been expedited before the parties have engaged in the usual discovery process.  As a result, this Court's Practice Standards, relating to the time for filing 702 motions would not appear to apply in these circumstances.

More importantly, discovery related to these experts is complete.  Expert disclosures have been made and the parties have deposed the experts.  As a result, there is no reason to wait to file 702 motions.  Moreover, the Federal Rules of Civil Procedure do not prohibit filing a 702 motion before a Trial Preparation Conference Order is entered.  As a result, Defendant's 702 Motion is not untimely.

Defendant's 702 Motion conforms to the requirements for 702 motions set forth in the Court's Trial Preparation Conference Order form.  It is, therefore, not a noncomplying motion as defined in REB Civ. Practice Standard V. C. 3.  Accordingly, Defendant's 702 Motion should not be stricken under the Court's Practice Standards.

Defendant's 702 Motion also is not an improper surreply.  The 702 Motion is not additional briefing on the Motion for Preliminary Injunction, as it addresses separate, albeit related, issues to those raised in the Motion for Preliminary Injunction briefs.  Although Defendant referenced the deficiencies in Plaintiff's experts' analysis in her response to the Motion for Preliminary Injunction, the 702 Motion is a stand-alone challenge to the questionable methodology and facile approach employed by Plaintiff's experts.  Plaintiff is not prejudiced by the 702 Motion, as it is free to fully brief whether its experts meet the standards of admissibility under *Daubert*.

### The Court May Properly Consider Defendant's 702 Motion for the Weight of Plaintiff's Expert Testimony at the Preliminary Injunction Stage.

As outlined in Defendant's 702 Motion, Defendant has moved to exclude the testimony of Plaintiff's experts <u>for purposes of the trial on the merits.</u>  The Court, however, may presently consider the 702 Motion to determine the weight to be afforded the testimony for purposes of Plaintiff's Motion for Preliminary Injunction.  *See Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009) (affirming district court's denial of preliminary injunction when proffered expert testimony, admitted over Rule 702 objection, was accorded little weight because, under a Daubert analysis, it was not sufficiently reliable).  When considering the Plaintiff's Motion for Preliminary Injunction, the weight to be accorded expert testimony is left to the Court. *Id.*

WHEREFORE, Defendant requests that Plaintiff's Motion to Strike be denied.

Respectfully submitted this 5th day of January, 2011.

>JOHN W. SUTHERS
>Attorney General
>
>*s/ Melanie J. Snyder*
>MELANIE J. SNYDER, 35835*
>Assistant Attorney General
>JACK M. WESOKY, 6001*
>Senior Assistant Attorney General
>Business & Licensing Section
>1525 Sherman Street, 7th Floor
>Denver, Colorado  80203
>Telephone:  (303) 866-5273 (Snyder)
>Telephone:  (303) 866-5512 (Wesoky)
>FAX:  (303) 866-5395
>E-Mail:  melanie.snyder@state.co.us
>E-Mail:  jack.wesoky@state.co.us
>
>STEPHANIE LINDQUIST SCOVILLE, 31182*
>Senior Assistant Attorney General
>Civil Litigation and Employment Law Section
>Telephone:  303.866.5241
>FAX:  303.866.5443
>E-Mail: stephanie.scoville@state.co.us
>
>*Counsel of Record
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2011, I electronically filed the foregoing **Defendant's Response to Plaintiff's Motion to Strike Defendant's Additional, Surreply Briefing on Plaintiff's Motion for Preliminary Injunction, Filed by the Defendant As an Untimely and Non-Conforming Motion to Exclude the Testimony of Plaintiff's Expert Witnesses [#71]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-addresses:

gissacson@brannlaw.com
mschafer@brannlaw.com

*Attorneys for Plaintiff*

*s/ Melanie J. Snyder*