IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01546-REB-CBS

The Direct Marketing Association,

    Plaintiff,

    v.

Roxy Huber, in her capacity as Executive
   Director, Colorado Department of Revenue,

    Defendant.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
"PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ADDITIONAL, SURREPLY
BRIEFING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION,
FILED BY THE DEFENDANT AS AN UNTIMELY AND NON-CONFORMING MOTION
TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES" [#73]**
_____

    Plaintiff, the Direct Marketing Association submits this reply to the **Defendant's Response to "Plaintiff's Motion to Strike Defendant's Additional, Surreply Briefing on Plaintiff's Motion for Preliminary Injunction, Filed by the Defendant as an Untimely and Non-Conforming Motion to Exclude the Testimony of Plaintiff's Expert Witnesses" [#73]**, filed on January 5, 2011 ("Defendant's Response").

    In Defendant's Response to the Plaintiff's motion to strike, the Defendant argues that her underlying amended motion to exclude Plaintiff's experts from testifying at trial under Fed. R. Evid. 702 [#71] is appropriate at this time, and should not be stricken,

because "there is no reason to wait to file 702 motions."  *See* Defendant's Response at 2.  But there are several reasons why the Defendant's Rule 702 motion is not proper at this stage of the proceedings, even taking it at face value as a motion filed in anticipation of trial:

- <u>The Defendant's motion is unripe</u>.  As the Defendant herself acknowledges, the expert disclosures made by Plaintiff to date were expressly made in connection with the Plaintiff's motion for preliminary injunction, and not for trial.  *See* Defendant's Response at 1-2.  Whether the Plaintiff will rely upon these same expert opinions at the time of trial (indeed, whether a trial will even be required) remains to be seen, and could be influenced by countless factors and developments in the case.[1]

---

[1] For example, two developments have already occurred, <u>after</u> the Plaintiff made its expert disclosures on October 1, 2010, that may ultimately change, in certain respects, the expert opinions presented by the Plaintiff at trial, although they in no way compromise the Plaintiff's right to a preliminary injunction at this time:

First, on or about November 4, 2010, the Department of Revenue ("Department") published new guidance (which was, incidentally, based on the input of the Defendant's litigation expert, Dieter Gable) as to the manner and form of the required Transactional Notices, Annual Purchase Summaries to customers, and yearly Customer Information Reports to be submitted to the Department.  (The new Department guidance appears at http://www.colorado.gov/cs/Satellite?c=Page&childpagename=Revenue%2FREVXLayout&cid=1251581935261&pagename=REVXWrapper.) The Defendant's expert, Gable, relied on such guidance in providing his estimates of the cost of compliance for retailers, disclosed to the Plaintiff on November 10, 2010, and presented in connection with the motion for preliminary injunction.  Because the new Department guidance was not yet published as of October 1, the Plaintiff's expert, Curt Barry, did not have the opportunity to review such Department publications in preparing his report.  Such guidance, however, may well be relevant to the opinions Barry would ultimately offer at the time of trial.  For present purposes, the new guidance changes nothing: even Gable, who considered the new guidance in preparing his opinions, estimates that the costs of compliance for affected retailers will be substantial, and well in excess of the $1,000 per association member required under *Chamber of Commerce v. Edmondson,* 594 F.3d 742, 756, 770-71 (10th Cir. 2010).

Second, on or about November 22, 2010, the Colorado State Auditor issued a report regarding the security of confidential data maintained by Colorado government agencies, which concluded that "the State is at high risk of a system compromise and/or data breach by malicious individuals, including individuals both internal and external to the State."  *See* PUBLIC

- <u>Because it is unripe, the Defendant's motion wastes judicial resources</u>.  Simply put, the Defendant demands action from the Court now that may never be required, or may require modification prior to trial.

- <u>The motion likewise causes unnecessary litigation expense</u>.  The Plaintiff is required to expend time and resources to oppose a motion challenging trial evidence the Plaintiff has not even offered for use at trial.

- <u>The motion violates the Court's Practice Standards and basic pre-trial procedure</u>, which call for the filing of Rule 702 motions (and other pre-trial motions) under a Trial Preparation Conference Order, issued only after discovery closes and trial is imminent.

In fact, the Defendant's motion to exclude is so out-of-time as a pre-trial motion that it can only be understood as an attempt to secure additional, surreply briefing on the motion for preliminary injunction, in violation of the Local Rules and the Court's October 1 Scheduling order.  The Court should not sanction such gamesmanship.

---

REPORT, "Office of Cyber Security, Governor's Office of Information Technology, Performance Audit, November 2010" (Nov. 22, 2010) at 49.  The Auditor reported that his office was "able to compromise several state government networks and systems and gain unauthorized access to thousands of individuals' records. . . containing confidential data".  *Id.* (The Report appears at http://www.leg.state.co.us/OSA/coauditor1.nsf/All/BD6BC417A140102C872577F3005B9705/$FILE/2068A%20IT%20Pentest%20Gov%20Office%20Nov%202010.pdf.)  This information regarding the lack of adequate security for confidential data maintained by the State could directly affect the opinions offered by the Plaintiff's marketing expert, Professor Kevin Keller, regarding the impact on consumer purchasing decisions of the new law challenged by the Plaintiff.  Colorado consumers who learn through press reports or other sources (*see, e.g.,* http://www.denverpost.com/legislature/ci_16852217) that the State Auditor believes data maintained by the State is vulnerable to security breach may well alter their purchasing from out-of-state retailers who are required to turn over confidential customer information to the Department.  Professor Keller rendered his opinions that the law will alter consumer purchasing behavior in August 2010, without the benefit of the State Auditor's recent report.

Because the motion is inappropriate at this point in the proceedings, it should be stricken.

WHEREFORE, the DMA requests that the Court strike the Defendant's Amended Motion to Exclude the Testimony of Plaintiff's Expert Witnesses F. Curtis Barry, Thomas Adler, and Kevin Lane Keller, without prejudice.

Respectfully submitted,

Dated: January 6, 2010

s/ Matthew P. Schaefer
George S. Isaacson
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel.: (207) 786−3566
Fax:  (207) 783-9325
E-mail: gisaacson@brannlaw.com
          mschaefer@brannlaw.com
*Attorneys for The Direct Marketing Association*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2011, I electronically filed the foregoing, Plaintiff's Reply to Defendant's Response to "Plaintiff's Motion to Strike Defendant's Additional, Surreply Briefing on Plaintiff's Motion for Preliminary Injunction, Filed By the Defendant as an Untimely and Non-Conforming Motion to Exclude the Testimony of Plaintiff's Expert Witnesses" [#73] using the CM/ECF system, which will send notification of such filing to counsel of record:

        Jack Wesoky
        Senior Assistant Attorney General
        State of Colorado
        1525 Sherman Street, 7th Floor
        Denver, CO 80203
        Jack.Wesoky@state.co.us

        Stephanie Lindquist Scoville
        Senior Assistant Attorney General
        State of Colorado
        1525 Sherman Street, 7th Floor
        Denver, CO 80203
        stephanie.scoville@state.co.us

        Melanie J. Snyder
        Assistant Attorney General
        State of Colorado
        1525 Sherman Street, 7th Floor
        Denver, CO 80203
        melanie.snyder@state.co.us

        Attorneys for Defendant

        s/ Matthew P. Schaefer
        Matthew P. Schaefer