**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01546-REB-CBS

THE DIRECT MARKETING ASSOCIATION,

    Plaintiff,

v.

ROXY HUBER, in her capacity as Executive Director, Colorado Department of Revenue,

    Defendant.

## ORDER CONCERNING MOTION TO EXCLUDE EXPERT WITNESSES

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant's Amended Motion To Exclude the Testimony of Plaintiff's Expert Witnesses F. Curtis Barry, Thomas Adler, and Kevin Lane Keller** [#71][1] filed December 20, 2010; and (2) **Plaintiff's Motion to Strike Defendant's Additional, Surreply Briefing on Plaintiff's Motion for Preliminary Injunction, Filed by the Defendant as an Untimely and Non-conforming Motion to Exclude the Testimony of Plaintiff's Expert Witnesses [#71]** [#72] filed December 22, 2010.  The plaintiff's motion to strike [#72] was filed in response to the defendant's motion to exclude [#71].  The defendant filed a response [#73], and the plaintiff filed a reply [#74] addressing the motion to strike.

In her motion to exclude [#71], the defendant asks that the testimony of three

---

[1] "[#71]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

experts, Curtis Barry, Thomas Adler, and Kevin Keller, be excluded from trial under Fed. R. Evid. 702. The plaintiff asks also that the court give the testimony of these witnesses little weight in considering and resolving the plaintiff's motion for preliminary injunction [#15]. In an order issued concurrently with this order, I have addressed and resolved the plaintiff's motion for preliminary injunction [#15]. I did not find it necessary to rely on the reports or testimony of Barry, Adler, or Keller in ruling on the motion for preliminary injunction. Therefore, I deny the plaintiff's motion to exclude [#71] as moot to the extent the plaintiff asks that I give little weight to the opinions of Barry, Adler, and Keller in resolving the motion for preliminary injunction. To the extent the plaintiff's motion to exclude [#71] asks that the opinion testimony of these witnesses be excluded at trial, I defer resolution of the motion, pending further developments in this case.

In its motion to strike [#72], the plaintiff argues that the defendant's motion to exclude [#71] should be stricken because the motion is untimely, violates the court's practice standards, and is an effort to submit sur-reply briefing on the motion for preliminary injunction. I deny this motion. No trial preparation conference order has been entered in this case and, by agreement of all, no schedule for discovery outside of the discovery necessary to resolve the motion for preliminary injunction has yet been set. In this context, I conclude that there is no basis to strike the defendant's motion to exclude [#71].

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Amended Motion To Exclude the Testimony of Plaintiff's Expert Witnesses F. Curtis Barry, Thomas Adler, and Kevin Lane Keller** [#71] filed December 20, 2010, is **DENIED** as moot to the extent the plaintiff asks that I give little weight to the opinions of Barry, Adler, and Keller in resolving the motion for

preliminary injunction;

2. That to the extent the plaintiff's motion to exclude [#71] asks that the opinion testimony of these witnesses be excluded at trial, I **DEFER** resolution of the motion, pending further developments in this case;

3. That the **Plaintiff's Motion to Strike Defendant's Additional, Surreply Briefing on Plaintiff's Motion for Preliminary Injunction, Filed by the Defendant as an Untimely and Non-conforming Motion to Exclude the Testimony of Plaintiff's Expert Witnesses [#71]** [#72] filed December 22, 2010, is **DENIED**.

Dated January 26, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge