**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-01546-REB-CBS

The Direct Marketing Association,

        Plaintiff,

        v.

Roxy Huber, in her capacity as Executive
    Director, Colorado Department of Revenue,

        Defendant.

---

**JOINT STATUS REPORT AND PROPOSED ORDER**
---

      Plaintiff, the Direct Marketing Association, and Defendant, Roxy Huber,

Executive Director of the Colorado Department of Revenue, submit this Joint Status

Report to present to the Court the parties' joint proposal for reaching a final judgment on

Counts I and II of the Plaintiff's First Amended Complaint asserting claims under the

Commerce Clause, while deferring further action on all other claims asserted in the

complaint.  The parties believe that the procedure and schedule they propose for the

prompt filing of cross-motions for summary judgment on the Commerce Clause claims,

based on the existing record and without further discovery, will promote the efficient

resolution of potentially controlling issues of law in this case, while reducing litigation

costs and preserving judicial resources.  The parties respectfully request that the Court approve this procedure by entering the accompanying proposed Order.

**<u>Objective Of The Parties' Joint Proposal</u>**

The parties agree that the Commerce Clause claims asserted by the Plaintiff present potentially controlling issues of law as to which there is no dispute that the Plaintiff has standing.  The parties believe that establishing a process for facilitating a final ruling by the Court on the Commerce Clause issues, and for subsequent review of such claims by the Tenth Circuit Court of Appeals, will greatly promote the ultimate resolution of the Plaintiff's constitutional challenge to the Colorado law at issue in this case.

Furthermore, the parties are in agreement that no further discovery or submission of additional evidence is necessary for the Court to enter a final judgment on the Plaintiff's Commerce Clause claims.  In connection with the Plaintiff's Motion for Preliminary Injunction, granted by the Court on January 26, 2001 [#79], the parties conducted discovery and submitted evidence that they believe adequately addresses the limited factual issues presented by such claims.  Thus, the Commerce Clause claims appear to be ripe for decision by the Court through dispositive motions.

By contrast, the other constitutional claims asserted in Plaintiff's complaint, and the defenses to them raised by the Defendant, present complex issues that may require substantial discovery and factual development, including opinion testimony by several additional expert witnesses. A final ruling on the Commerce Clause claims may allow

the parties to avoid costly and time consuming discovery and pre-trial motion practice on such claims, thereby preserving judicial resources, as well.

Such efficiencies can only be realized, however, if a final ruling on the potentially controlling Commerce Clause claims can be presented to the Tenth Circuit Court of Appeals through an interlocutory appeal, while further action on the remaining claims is held in abeyance. In order for the parties to obtain review of the Commerce Clause claims by the Tenth Circuit, the Court would need to certify its final ruling on the Commerce Clause claims for interlocutory appeal pursuant to 28 U.S.C. §1292(b).[1] The parties respectfully request that the Court evaluate now, in the event that the Court awards summary judgment to one of the parties, whether it would be prepared to certify its summary judgment order for interlocutory appeal under Section 1292(b). Although a request for certification prior to the filing of summary judgment motions may be unusual, in this case the Court has had the opportunity to evaluate the Commerce Clause issues in connection with the Plaintiff's Motion for Preliminary Injunction, and thus is likely in a better position than in most cases to determine whether such claims are appropriate for certification for interlocutory appeal.

**Proposed Procedure**

The parties have conferred extensively regarding a procedure for framing the Commerce Clause issues presented in this case for final determination by the Court and, ultimately, the Tenth Circuit Court of Appeals, and respectfully propose the following:

---

[1] The parties recognize that under Section 1292(b) the Court of Appeals must exercise its discretion to accept an interlocutory appeal in order for the parties to obtain review.

1. The parties shall conduct no further discovery and make no additional evidentiary submissions on Counts I and II (Commerce Clause).   The Court shall defer further proceedings on all other Counts in the complaint pending final resolution of Counts I and II.

2. The parties shall submit cross-motions for summary judgment on Counts I and II based on the existing record and according to the following schedule:

   a. Motions Due:        45 days after the entry of  the relevant Order by the Court;

   b. Responses Due:      21 days after the relevant Motion is filed;

   c. Replies Due:        14 days after the relevant Response is filed.

3. The Court shall certify any order granting summary judgment on Count I and/or Count II for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

4. If the Court enters final judgment on Count I and/or Count II, all further proceedings shall be stayed pending final action by the Tenth Circuit in response to a notice of appeal filed by one or both parties.

5. If the Court awards neither party summary judgment, the Magistrate shall promptly enter a Scheduling Order for resolution of all remaining issues in the case following the denial of such motions.

The Defendant does not waive her right to file a notice of appeal of the Order granting Plaintiff's Motion for Preliminary Injunction in the event the Court does not issue an order approving the procedure outlined herein before the period runs for the filing of the notice of appeal.

For the foregoing reasons, the parties respectfully request that the Court approve their joint proposal for further proceedings on the Commerce Clause claims and enter the accompanying proposed Order.

.                                                Respectfully submitted,

Dated: February 16, 2010                         s/ George S. Isaacson
                                                 George S. Isaacson
                                                 Matthew P. Schaefer
                                                 BRANN & ISAACSON
                                                 184 Main Street, P. O. Box 3070
                                                 Lewiston, ME 04243−3070
                                                 Tel.: (207) 786−3566
                                                 Fax:  (207) 783-9325
                                                 E-mail: gisaacson@brannlaw.com
                                                         mschaefer@brannlaw.com
                                                 *Attorneys for Plaintiff*

                                                 s/ Jack Wesoky
                                                 Jack Wesoky
                                                  Senior Assistant Attorney General
                                                 Stephanie Lindquist Scoville
                                                  Senior Assistant Attorney General
                                                 Melanie J. Snyder
                                                  Assistant Attorney General
                                                 State of Colorado
                                                 1525 Sherman Street, 7th Floor
                                                 Denver, CO 80203
                                                 E-mail:  Jack.Wesoky@state.co.us
                                                          stephanie.scoville@state.co.us
                                                          melanie.snyder@state.co.us

                                                 *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing Joint Status Report and Proposed Order, using the CM/ECF system, which will send notification of such filing to counsel of record:

> Jack Wesoky
> Senior Assistant Attorney General
> Stephanie Lindquist Scoville
> Senior Assistant Attorney General
> Melanie J. Snyder
> Assistant Attorney General
> State of Colorado
> 1525 Sherman Street, 7th Floor
> Denver, CO 80203
> Jack.Wesoky@state.co.us
> stephanie.scoville@state.co.us
> melanie.snyder@state.co.us
>
> Attorneys for Defendant

> s/ George S. Isaacson
> George S. Isaacson