**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01546-REB-CBS

THE DIRECT MARKETING ASSOCIATION,

    Plaintiff,

v.

ROXY HUBER, in her capacity as Executive Director, Colorado Department of Revenue,

    Defendant.

**ORDER APPROVING PROPOSED BRIEFING SCHEDULE
ON COUNTS I AND II AND
STAYING PROCEEDINGS ON COUNTS III THROUGH VIII**

**Blackburn, J.**

This matter is before me on the parties' **Joint Status Report and Proposed Order** [#85][1] filed February 16, 2011. The parties propose a schedule for resolution of the plaintiff's two claims under Commerce Clause, arguing that the proposed schedule likely will lead to a more efficient resolution of this case. I agree and approve the parties' proposal.

The parties propose that proceedings on the plaintiff's non-Commerce Clause claims, counts III through VIII, be stayed while the parties prepare cross-motions for summary judgment on those two claims. No additional discovery is needed on the Commerce Clause claims. Substantial discovery is necessary on the other claims

---

[1] "[#85]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

asserted by the plaintiff. If the court grants summary judgment to either party on one or both of the Commerce Clause claims, then the parties ask that the court direct the entry of final judgment on that claim or those claims under FED. R. CIV. P. 54(b) and state in its order that the summary judgment order and judgment are appropriate for an interlocutory appeal under 28 U.S.C. § 1292(b). This will permit the fully resolved Commerce Clause claim or claims to be addressed and resolved by the United States Court of Appeals for the Tenth Circuit , if that court exercises its discretion to address these claims in such a posture. Such a resolution by the Tenth Circuit is likely to resolve a controlling issue of law in this case and readily could result in a complete resolution of this matter. I conclude that good cause exists for entry of an order approving the parties' joint proposal for further proceedings on the plaintiff's Commerce Clause claims, counts I and II of the Plaintiff's First Amended Complaint [#10] filed July 23, 2010.

    **THEREFORE, IT IS  ORDERED** as follows:

    1. The discovery on counts I and II of the **Plaintiff's First Amended Complaint** [#10] filed July 23, 2010, the plaintiff's Commerce Clause claims, is **CLOSED**;

    2.  That further proceedings on all other counts in the complaint, counts III through VIII, are **STAYED** pending final resolution of counts I and II;

    3. That the parties shall submit cross-motions for summary judgment on counts I and II based on the existing record and according to the following schedule:

    a. Motions Due: May 6, 2011;

    b. Responses Due: 21 days after the relevant motion is filed;

    c. Replies Due: 14 days after the relevant response is filed;

    4. That if the court grants summary judgment on count I, count II, or both, then,

under FED. R. CIV. P. 54(b), the court shall direct the entry of final judgment on count I, count II, or both, and shall enter an order stating that the order and judgment are appropriate for an interlocutory appeal under 28 U.S.C. § 1292(b)[2];

5. That if the court awards summary judgment on count I, count II, or both, then the stay of further proceedings on the plaintiff's other claims shall continue pending final action by the United States Court of Appeals for the Tenth Circuit on a notice of appeal filed by one or both of the parties in this case; and

6. That if the Court awards neither party summary judgment on the Commerce Clause claims, then the magistrate judge assigned to this case promptly shall enter a Scheduling Order for resolution of all remaining issues in the case following the denial the motions for summary judgment on both of the Commerce Clause claims.

Dated March 18, 2011, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see, e.g.*, **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005); **Oklahoma Turnpike Authority v. Bruner**, 259 F.3d 1236 (10th Cir. 2001), the record would support a conclusion and determination (1) that there is no just reason for delay, and (2) that the judgment should be certified as a final judgment. *See* **Stockman's Water Co.**, 425 F.3d at 1265; **Curtiss-Wright Corp. v. General Electric Co.**, 446 U.S. 1,7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment would resolve fully and finally both Commerce Clause claims. In the specific context the prospective order and concomitant judgment would constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." **Oklahoma Turnpike Authority**, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment on the discreet Commerce Clause claims, the parties may not appeal my anticipated summary judgment order until the litigation of all claims is resolved. There is no just reason to delay possible appellate review of my discreet order concerning the Commerce Clause claims until I have resolved conclusively all other pending claims and issues extant among the parties. *See id.*