IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01546-REB-CBS

THE DIRECT MARKETING ASSOCIATION,

      Plaintiff,

v.

ROXY HUBER, in her capacity as Executive Director,
COLORADO DEPARTMENT OF REVENUE,

      Defendant.

---

## ANSWER TO FIRST AMENDED COMPLAINT-
## COUNTS I AND II (COMMERCE CLAUSE)

---

      Defendant, Roxy Huber, in her capacity as Executive Director,

Colorado Department of Revenue, answers Plaintiff's First Amended Complaint, Counts

I and II.  Pursuant to the parties' agreement and this Court's Order Approving Proposed

Briefing Schedule on Counts I and II and Staying Proceedings on Counts III-VIII, dated

March 18, 2011 [Dkt. #91], litigation on the remaining counts of Plaintiff's First Amended

Complaint has been stayed pending summary judgment proceedings on Counts I and II.

### Introduction

1.      Defendant admits that this is an action by the Direct Marketing Association

(DMA), on behalf of its affected members and their customers, seeking a declaration

that the Act's provisions and the Department's regulations are unconstitutional and

seeking an injunction preventing Defendant from enforcing the Act.  Defendant admits

that effective March 1, 2010, the State of Colorado enacted House Bill 10-1193, an act

"Concerning The Collection Of Sales And Use Taxes On Sales Made By Out-Of-State Retailers, And Making An Appropriation Therefor."   To the extent paragraph 1 generally describes the nature of the Act, those allegations are repeated in a more specific manner herein, and Defendant incorporates its answers to those paragraphs as if set forth in full.  Defendant is without sufficient information to admit or deny that the DMA is the nation's largest trade association of businesses and nonprofit organizations, marketing products directly to consumers via mail order, telephone orders and the internet, and therefore, denies those allegations.  Defendant denies the remaining allegations in paragraph 1.

### The Parties

2.      Defendant is without sufficient information to admit or deny the allegations in paragraph 2, and therefore, denies them.

3.      Defendant admits the allegations in paragraph 3.

### Jurisdiction and Venue

4.      Subject to Defendant's Affirmative Defenses, Defendant admits the Court has federal question jurisdiction over Counts I and II.  Defendant denies the remaining allegations in paragraph 4.

5.      Defendant denies the allegations in paragraph 5. Plaintiff has withdrawn its claims based on alleged violations of the Colorado Constitution. *See* "Plaintiff's Response in Opposition to Defendant's July 30, 2010, Motion to Dismiss Plaintiff's First Amended Complaint" [Dkt. #23].

6.      Defendant admits the allegations in paragraph 6 as to Counts I and II.

2

**Standing**

7.      Defendant admits the DMA has standing to bring Counts I and II on behalf of affected DMA members pursuant to the standards for association standing.  Defendant denies the remaining allegations in paragraph 7.

**Factual Background**

8.      Defendant is without sufficient information to admit or deny the allegations in paragraph 8, and therefore, denies them.

9.      Defendant admits the allegations in paragraph 9.

10.      Paragraph 10 is not germane to Plaintiff's Commerce Clause Claims raised in Counts I and II, and therefore, no answer of Defendant is required at this time.  To the extent an answer to Paragraph 10 is required at this time, Defendant is without sufficient information to admit or deny the allegations in paragraph 10, and therefore, denies them.

11.      Defendant is without sufficient information to admit or deny the allegations in paragraph 11, and therefore, denies them.

12.      Defendant is without sufficient information to admit or deny the allegations in paragraph 12, and therefore, denies them.

13.      Defendant is without sufficient information to admit or deny the allegations in paragraph 13, and therefore, denies them.

14.      Paragraph 14 is not germane to Plaintiff's Commerce Clause Claims raised in Counts I and II, and therefore, no answer of Defendant is required at this time.  To the extent an answer to Paragraph 14 is required at this time, the allegation that the

identities, contact information, and recent purchasing histories of a direct marketer's customers ("Customer List) constitute valuable, proprietary, trade secrets is a legal conclusion, and therefore, requires no answer.  To the extent such allegations are construed as factual, they are denied.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 14, and therefore, denies them.

15.     Defendant is without sufficient information to admit or deny the allegations in paragraph 15, and therefore, denies them.

16.     Defendant admits the allegations in paragraph 16.

17.     Defendant is without sufficient information to admit or deny the allegations in paragraph 17 that many DMA members with no physical presence in Colorado do not collect Colorado sales tax, and therefore, denies them.  The remaining allegations in paragraph 17 are legal conclusions, and therefore, require no answer. To the extent such allegations are construed as factual, they are denied.

18.     Defendant admits Colorado law requires the purchaser to remit tax to the Department for retail sales on which the retailer does not collect sales tax.  Defendant denies the remaining allegation in paragraph 18.

19.     Defendant admits that Colorado purchasers are expected to report their use tax liability either through online filing and payment or on the forms provided by the Department, including Form DR 0252W as alleged in paragraph 19.

20.     Defendant admits the Colorado Individual Income Tax Return Form does not include a section for taxpayers to report use tax.  Defendant is without sufficient

information to admit or deny the remaining allegations in paragraph 20, and therefore,

denies them.

**The Act's Notice and Reporting Provisions and the Obligations Imposed on Out-of-State Retailers Under the Act and Department Regulations**.

21.     Defendant admits the Act imposes new notice and reporting obligations on

retailers that do not collect Colorado sales tax.  The allegations in paragraph 21

attempting to paraphrase or summarize Colorado law are legal conclusions, which

require no answer.  To the extent the allegations paraphrase or summarize Colorado

law, the law speaks for itself and the allegations are, therefore, denied.  Defendant

denies the remaining allegations in paragraph 21.

22.     The allegations in paragraph 21 attempting to paraphrase or summarize

Colorado law are legal conclusions, which require no answer.  To the extent the

allegations paraphrase or summarize Colorado law, the law speaks for itself and the

allegations are, therefore, denied.

23.     Defendant admits the allegations in paragraph 23.

24.     The allegations in the first two sentences in paragraph 24 attempt to paraphrase

or summarize Colorado law, and are legal conclusions, which require no answer.  To

the extent the allegations paraphrase or summarize Colorado law, the law speaks for

itself and the allegations are, therefore, denied.  Defendant is without sufficient

information to admit or deny the remaining allegations in paragraph 24, and therefore,

denies them.

25.     Defendant is without sufficient information to admit or deny the allegations in

paragraph 25 that on information and belief each year there are hundreds of thousands

of Colorado purchasers who make purchases from affected out-of- state retailers, and therefore, denies them.  The remaining allegations in paragraph 25 attempt to paraphrase or summarize Colorado law, and are legal conclusions, which require no answer.  To the extent the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

26.     Defendant admits the allegations in paragraph 26.

27.     Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 27, and therefore, denies them.

28.     Defendant admits that, although the Act and Regulations contain no provisions for data security standards as alleged in paragraph 28, the Department must adhere to other Colorado statutory provisions relating to the protection of confidential taxpayer information.

29.     Defendant denies the allegations in paragraph 29 to the extent the allegations regarding the referenced report are intended to pertain to the Tax Group of the Department, the Group responsible for the data at issue in this litigation.

30.     Defendant admits that the Act includes an appropriation of $30,000 from the General Fund for the development of an online tax payment system for consumer use tax.  To the extent the allegations summarize or paraphrase the Fiscal Note, the Note speaks for itself and the allegations are, therefore, denied.  The remaining allegations in paragraph 30 are denied.

31.     To the extent the allegations in paragraph 31 summarize or paraphrase the Fiscal Note, the Note speaks for itself and the allegations are, therefore, denied.

32.     Defendant admits that, although the Act and Regulations contain no appropriation for the Department to develop or implement procedures or systems for data security as alleged in paragraph 32, the Department must adhere to other Colorado statutory provisions relating to the protection of confidential taxpayer information.  The remaining allegations in paragraph 32 are denied.

The Transactional Notice

33.     The allegations in paragraph 33 attempt to paraphrase or summarize Colorado law and are legal conclusions, which require no answer.  To the extent the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

34.      The allegations in paragraph 34 attempt to paraphrase or summarize Colorado law and are legal conclusions, which require no answer.  To the extent the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

35.     Defendant is without sufficient information to admit or deny the allegations in paragraph 35 and therefore denies them.

36.     Defendant denies the allegations in paragraph 36.

The Annual Purchase Summary

37.     Defendant is without sufficient information to admit or deny that many affected DMA members have Colorado purchasers whose purchases exceed the de minimis amount and will be required to send one or more Annual Purchase Summaries. The remaining allegations in paragraph 37 attempt to paraphrase or summarize Colorado

7

law and are legal conclusions, which require no answer.  To the extent the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

38.     The allegations in paragraph 38 attempt to paraphrase or summarize Colorado law and are legal conclusions, which require no answer.  To the extent the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

39.     The allegations in paragraph 39 attempt to paraphrase or summarize Colorado law and are legal conclusions, which require no answer.  To the extent that the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

40.     The allegations in paragraph 40 attempt to paraphrase or summarize Colorado law and are legal conclusions, which require no answer.  To the extent that the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

41.     Defendant admits that affected out-of-state retailers will incur the expense of postage charges associated with sending the Annual Purchase Summary.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 41, and therefore, denies them.

42.     Defendant admits the allegations in paragraph 42.

43.     Defendant admits that affected out-of-state retailers who do not comply with the Annual Purchase Summary requirements face monetary penalties under the Act if they do not comply.  The remaining allegations in paragraph 43 are denied.

44.     Defendant denies the allegations in paragraph 44.

The Customer Information Report

45.     The allegations in paragraph 45 attempt to paraphrase or summarize Colorado law, and are legal conclusions, which require no answer.  To the extent that the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

46.     The allegations in paragraph 46 attempt to paraphrase or summarize Colorado law, and are legal conclusions, which require no answer.  To the extent that the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

47.     The allegations in the first sentence of paragraph 47 attempt to paraphrase or summarize Colorado law, and are legal conclusions, which require no answer.  To the extent that the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.  Defendant is without sufficient information to admit or deny the allegations in the second sentence in paragraph 47, and therefore, denies them.  Defendant denies the remaining allegations in paragraph 47.

48.     Defendant admits the allegations of paragraph 48.

49.     The allegations in paragraph 49 attempt to paraphrase or summarize Colorado law, and are legal conclusions, which require no answer.  To the extent that the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

50.     Defendant admits that although the Act and Regulations contain no provisions for data security standards, the Department must adhere to other Colorado statutory provisions relating to the protection of confidential taxpayer information.  Defendant denies the allegations in paragraph 50 to the extent the allegations regarding the referenced report are intended to pertain to the Tax Group of the Department, the Group responsible for the data at issue in this litigation.  Defendant denies all remaining allegations in paragraph 50.

51.     The allegations in paragraph 51 attempt to paraphrase or summarize Colorado law and are legal conclusions, which require no answer.  To the extent the allegations paraphrase or summarize Colorado law, the law speaks for itself and the allegations are, therefore, denied.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

## COUNT I

54.     Defendant restates her answers to paragraphs 1 through 53 as her answer to paragraph 54.

55.     The allegations in paragraph 55 are legal conclusions, and therefore, require no answer.  To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant denies the allegations in paragraph 59.

60.     Defendant denies the allegations in paragraph 60.

61.     Defendant denies the allegation in paragraph 61 that the penalties are "substantial."  Defendant admits the remaining allegations in paragraph 61.

62.     Defendant denies the allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

64.     Subject to Defendant's Affirmative Defenses, Defendant admits the allegations in paragraph 64.

65.     Defendant denies the allegations in paragraph 65.

**COUNT II**

66.     Defendant restates her answers to paragraphs 1 through 65 as her answer to paragraph 66.

67.     The allegations in paragraph 67 are legal conclusions, and therefore, require no answer.  To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

68.     The allegations in paragraph 68 are legal conclusions, and therefore, require no answer.  To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

69.     Defendant denies the allegations in paragraph 69.

70.     Defendant admits that affected retailers who fail to comply with the requirements of the Act and Regulations are subject to monetary penalties.  Defendant denies the remaining allegations in paragraph 70.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant denies the allegations in paragraph 75.

76.     Subject to Defendant's Affirmative Defenses, Defendant admits the allegations in paragraph 76.

77.     Defendant denies the allegations in paragraph 77.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.

## COUNTS III, V, VII and VIII

Pursuant to the parties' agreement and Court Order, dated March 19, 2011 [Dkt. #91], litigation on Counts III, V, VII and VIII has been stayed pending summary judgment proceedings on Counts I and II of the First Amended Complaint.  Therefore, Defendant makes no answer at this time to Counts III, V, VII and VIII.

**COUNTS IV and VI**

Counts IV and VI seek relief under provisions of the Colorado Constitution. Defendant is immune from suit for such claims pursuant to the 11th Amendment to the United States Constitution.   Plaintiff has agreed to dismissal without prejudice of Counts IV, VI, and the state law portions of Counts VII and VIII.  *See* "Plaintiff's Response in Opposition to Defendant's July 30, 2010, Motion to Dismiss Plaintiff's First Amended Complaint" [Dkt. #23].  Additionally, pursuant to the parties' agreement and Court Order [Dkt. #91], litigation on Counts IV and VI has been stayed pending summary judgment proceedings on Counts I and II of the First Amended Complaint seeking injunctive and declaratory relief under the Commerce Clause of the United States Constitution. Therefore, Defendant makes no answer at this time to Counts IV and VI.

**AFFIRMATIVE DEFENSES**

1.      To the extent that Counts I and II of the First Amended Complaint seek to enjoin, suspend, or restrain the assessment, levy, or collection of tax, the Court is without subject matter jurisdiction over Counts I and II.

2.      To the extent that Counts I and II of the First Amended Complaint seek to enjoin, suspend, or restrain the assessment, levy, or collection of tax, Counts I and II of the First Amended Complaint fail to state a claim upon which relief can be granted.

3.      The Act and Regulations are one enforcement mechanism of Colorado's lawful compensatory use tax.

Wherefore, Defendant requests that the Court enter judgment in her favor and against Plaintiff on Counts I and II of the First Amended Complaint, that Counts I and II of the First Amended Complaint be dismissed with prejudice and the Court grant such further relief to Defendant as is just and proper.

Respectfully submitted this 28th day of April 2011.

JOHN W. SUTHERS
Attorney General

*/s Jack M. Wesoky*
JACK M. WESOKY*
Senior Assistant Attorney General
Business and Licensing Section
Telephone: (303) 866-5512
FAX: 303.866.5395
E-mail: jack.wesoky@state.co.us

STEPHANIE LINDQUIST SCOVILLE*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
Telephone:  303.866.5241
FAX:  303.866.5443
E-Mail: stephanie.scoville@state.co.us

MELANIE J. SNYDER*
Assistant Attorney General
Business and Licensing Section
Telephone: (303) 866-5273
Fax: (303) 866-5395
E-mail: melanie.snyder@state.co.us
*Counsel of Record

1525 Sherman Street, 7th Floor
Denver, Colorado  80203

Attorneys for Defendant
*Counsel of Record

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 28, 2011, I electronically filed the foregoing **ANSWER TO FIRST AMENDED COMPLAINT COUNTS I AND II (COMMERCE CLAUSE)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

gissacson@brannlaw.com
mschafer@brannlaw.com

*Attorneys for Plaintiff*

                                    */s Jack M. Wesoky*_____