Westlaw

Page 1

Slip Copy, 2010 WL 5109984 (D.Colo.)
**(Cite as: 2010 WL 5109984 (D.Colo.))**

H
Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
Platt T. HUBBELL, and Kelley S. Hubbell,
Third-Party Plaintiffs,
v.
CARNEY BROTHERS CONSTRUCTION, a Colorado corporation, Ian Carney, Richard Carney, Teamcorp, Inc. d/b/a Draft Tek, a Colorado corporation, T.J. Concrete Construction, Inc., A Colorado Corporation, and Kerry M. Karnan, Third-Party Defendants.

Civil Action No. 05-cv-00026-CMA-KLM.
Dec. 8, 2010.

Daniel McKay Fowler, Katherine Taylor Eubank, Fowler, Schimberg & Flanagan, P.C., Denver, CO, for Third-Party Plaintiffs.

Jerad A. West, Lelia Kathleen Chaney, Sara M. Cantrick, Lambdin & Chaney, LLP, Bruce Norman Shibles, Joel N. Varnell & Associates, Denver, CO, Robert Samuel Hoover, Krabacher & Sanders, P.C., Aspen, CO, for Third-Party Defendants.

**ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (# 514), GRANTING IN PART AND DENYING IN PART THIRD-PARTY PLAINTIFFS' MOTION TO STRIKE (# 550), AND GRANTING THIRD-PARTY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE STANDARD OF CARE (# 513)**
CHRISTINE M. ARGUELLO, District Judge.

*1 This matter is before the Court on Third-Party Defendants Teamcorp, Inc. d/b/a Draft-Tek ("Teamcorp") and Kerry Karnan's ("Karnan") (Teamcorp and Karnan will collectively be referred to as "Defendants") Motion for Summary Judgment (Doc. # 514), Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell's [FN1] ("Hubbells") Motion to Strike Defendants' Summary Judgment Reply Brief (Doc. # 550), and Defendants' Motion for Partial Summary Judgment Regarding the Standard of Care Applicable to Defendants (Doc. # 513). For the following reasons, Defendants' motion for summary judgment is denied, the Hubbells' motion to strike is granted in part and denied in part, and Defendants' motion for partial summary judgment on the issue of the standard of care is granted.

> FN1. Kelley S. Hubbell is now known as Kelley S. Hogan.

**I. BACKGROUND**
This third-party construction defect action concerns allegations of negligence, negligent misrepresentation, breach of contract, and unjust enrichment against various construction companies and professionals, including Thane R. Lincicome, a licensed professional engineer; Teamcorp, the company that had retained his services; and Karnan, Teamcorp's principal who was instrumental in retaining Lincicome. (Doc. # 25, Third-Party Compl.; Doc. # 76-1, Am. Third-Party Compl.).

**A. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
On April 1, 2010, Defendants filed a motion for summary judgment. (Doc. # 514). Defendants contend that judgment in their favor is appropriate on certain claims [FN2] because the Hubbells failed to file a certificate of review that is required for claims concerning the negligence of licensed professionals.[FN3]

> FN2. Defendants seek judgment on the Hubbells' negligence claim (Claim 1), breach of contract claim (Claim 4), and negligent misrepresentation claim (Claim 7).
>
> FN3. Colo.Rev.Stat. § 13-20-602(1)(a) states in relevant part that "[i]n every action for damages or indemnity based upon the alleged professional negligence of ... a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each ... licensed professional named as a party." Pursuant to Colo.Rev.Stat. § 13-20-602(1)(b), "[a] certificate of review shall be filed with respect to

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5109984 (D.Colo.)
**(Cite as: 2010 WL 5109984 (D.Colo.))**

every action ... against a company or firm that employed a person specified ... at the time of the alleged negligence, even if such person is not named as a party in such action."

The Hubbells oppose the motion, asserting that a certificate of review is not required. The Hubbells contend that (1) their claims against Defendants are not premised on the alleged negligence of Lincicome, a licensed engineer, but on Defendants' own conduct, and (2) because Defendants are unlicensed professionals, the Hubbells' claims fall outside the purview of Colo.Rev.Stat. § 13-20-602.

Defendants filed their reply brief on June 18, 2010. (Doc. # 543). In it, Defendants' assert a new theory that allegedly supports their motion for summary judgment. Because the Hubbells admit their claims against Defendants are not premised on vicarious liability for Lincicome's conduct, Defendants contend Lincicome is solely responsible for the plans he stamped with his professional seal.

**B. THE HUBBELLS' MOTION TO STRIKE**
On June 29, 2010, the Hubbells filed their Motion to Strike Defendants' Summary Judgment Reply or for Alternative Relief. (Doc. # 550). The Hubbells seek to strike the reply on the grounds that it fails to address the Hubbells' statement of facts and that it allegedly presents new arguments and evidence to which the Hubbells did not have the opportunity to respond. In their response to the motion to strike, Defendants addressed the Hubbells' first basis for objection and provided responses to the Hubbells' statements of fact. (Doc. # 553.) The Hubbells timely filed their reply. (Doc. # 554 .)

**C. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE APPROPRIATE STANDARD OF CARE**
*2 Defendants move for partial summary judgment arguing that they should not be held to the standard of care of a licensed architect or engineer. (Doc. # 513.) Defendants provided the parties' unsworn expert opinions on the standard that is appropriate and the Hubbells' interrogatory responses which allegedly demonstrate that the Hubbells were seeking to hold Defendants to the standard of care of a licensed architect or engineer. (*Id.* at 4, ¶¶ c, d; at 5, ¶ e.)

The Hubbells opposed the motion, arguing that summary judgment is not warranted because the experts allegedly disagree as to the appropriate standard of care. (Doc. # 533.) Defendants timely filed their reply. (Doc. # 544.) The motion is fully briefed.

**II. LEGAL STANDARD-SUMMARY JUDGMENT**
Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when the movant shows "the materials in the record ... do not establish ... the presence of a genuine dispute" and "the movant is entitled to judgment as a matter of law." A movant who bears the burden at trial must submit evidence to establish every essential element of its claim. *In re Ribozyme Pharms., Inc. v. Sec. Litig.,* 209 F.Supp.2d 1106, 1111 (D.Colo.2002). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see* Fed.R.Civ.P. 56(e). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *McBeth v. Himes,* 598 F.3d 708, 715 (10th Cir.2010).

**III. ANALYSIS**
**A. THE HUBBELLS' MOTION TO STRIKE**
As a threshold matter, the Court must determine what arguments and evidence are properly before the Court on Defendants' motion for summary judgment.

The Hubbells move to strike Defendants' reply filed in support of their motion for summary judgment for two reasons. (Doc. # 550.) First, in direct contravention of the Court's practice standards, Defendants failed to respond to the new statements of fact the Hubbells asserted in their response. (*Id.* at 3-4.) Second, the Hubbells contend that Defendants improperly present two new arguments not raised in their opening brief: (a) the Hubbells were required to file separate certificates of review for Defendants and for Lincicome and (b) Lincicome's engineering stamp bars Defendants' liability for Lincicome's professional negligence. (*Id.* at 4-5). The Hubbells also object to new supporting exhibits submitted on the latter issue. (*Id.* at 5).

Having reviewed the Defendants' reply brief, the Court agrees that Defendants failed to respond to the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5109984 (D.Colo.)
**(Cite as: 2010 WL 5109984 (D.Colo.))**

Hubbells' additional statement of facts. However, Defendants did ultimately provide such responses, *albeit* in their opposition to the motion to strike. Thus, Defendants' original failure does not result in confusion or the "obstruct[ion of the] application of the summary judgment standard" as the Hubbells contend. (*See* Doc. # 550 at 3.)

**\*3** Secondly, the Court recognizes that Defendants' argument regarding the requirement of a separate certificate of review for Defendants was raised in their opening brief. (Doc. # 514 at 4, 6-8 ("the filing of a certificate of review relating to the work Teamcorp completed for the Project is a prerequisite to the Hubbells' ability to maintain their claims against Teamcorp and Karnan.")) Defendants' reply brief is, therefore, proper in this regard.

On the other hand, the Court finds that Defendants' contention that Lincicome's engineering stamp acted to eliminate any liability on Defendants' behalf is a new argument not properly raised in their reply. Defendants claim the argument responds to a new admission by the Hubbells, namely that their claims against Defendants are not premised on vicarious liability. (Doc. # 553 at 8.) While this may be true, the admission's ultimate effect on Defendants' liability is not relevant to the issue raised in Defendants' motion, which is whether a certificate of review should have been filed for the Defendants' conduct. The Court, therefore, will not consider this additional argument and its associated exhibits.[FN4]

> [FN4.] The Court nevertheless notes that the Colorado statute cited by Defendants in support of this argument says nothing of Lincicome being held *solely* responsible for his conduct. (*See* Doc. # 543 at 4-7.)

Accordingly, the Court grants the Hubbells' motion to strike as it relates to the new argument concerning the effect of Lincicome's engineering stamp and its supporting evidence, but denies the motion in all other respects.

**B. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE CERTIFICATE OF REVIEW**

Having dispensed with the issue of what arguments and evidence are properly before the Court, the Court can now address the merits of Defendants' motion for summary judgment.

Defendants invoke Colo.Rev.Stat. § 13-20-602 in an attempt to obtain judgment in their favor on the Hubbells' breach of contract, negligence, and negligent misrepresentation claims. This statute provides that, "[i]n every action for damages ... based upon the alleged professional negligence of ... a licensed professional," a certificate of review "shall be filed ... against a company or firm that employed [a licensed professional] at the time of the alleged negligence." Colo.Rev.Stat. § 13-20-602(1)(a)-(b). The purpose of the certificate of review is to demonstrate that the plaintiff has consulted with a person who has expertise in the area and that the expert has concluded that the plaintiff's claim is substantially justified, including with respect to the scope of the standard of care and whether the professional conformed to the applicable standard of care. *See RMB Servs., Inc. v. Truhlar,* 151 P.3d 673, 675 (Colo.App.2006); *Ehrlich Feedlot, Inc. v. Oldenburg,* 140 P.3d 265, 271 (Colo.App.2006) (referring to "duty" as opposed to "standard of care"). Notably, the statute only governs actions in which the claims are based upon allegations of negligence **by a licensed professional.**

The Court agrees that a certificate of review need not be filed against Defendants. The Hubbells contend their claims against Defendants are premised on the actions of Defendants, not on those of Lincicome. (Doc. # 531 at 5, ¶ 8; at 10-11.) The Hubbells explain:

**\*4** Hubbell/Hogan's claims against Teamcorp are based on Teamcorp/Karnan's own conduct, including (1) representations that led Hubbell/Hogan to expect that Teamcorp could and would prepare a constructible set of plans with the required architectural design and structural engineering calculations, as well as a permit set of drawings; (2) Teamcorp/Karnan's production of plans that were deficient and violated local building requirements.

(Doc. # 531 at 5, ¶ 8.) Additionally, the parties agree Karnan is not a licensed architect or engineer and Teamcorp did not have any licensed architects or engineers as principals or on staff. (Doc. # 531 at 5, ¶ 9 and # 553 at 4, ¶ 4.) Thus, because the claims are not based on the negligence of a licensed professional, the Hubbells were not required to file a certificate of review as a matter of law. The Hubbells' claims survive. Defendants' motion for summary judgment is denied.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5109984 (D.Colo.)
**(Cite as: 2010 WL 5109984 (D.Colo.))**

### C. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE APPROPRIATE STANDARD OF CARE

In this negligence action, it is the Hubbells' burden to establish the appropriate standard of care. *See* Palmer v. A.H. Robins, Co., 684 P.2d 187, 224 (Colo.1984) ("To recover in negligence, a plaintiff must prove by a preponderance of the evidence that the defendant breached a legal duty owing to the plaintiff, proximately causing damages."). Defendants move for summary judgment to prevent the Hubbells from holding them to the standard of care of a licensed architect or engineer. (Doc. # 513.)

To show that the Hubbells are seeking to hold them to this standard, Defendants provide the Hubbells' response to an interrogatory and the opinion of one of the Hubbells' experts, Mr. G .E. McNally. (*Id.* at 4, ¶¶ c, d.) Defendants contend that they cannot be held to such a standard because neither of them are licensed professionals. (*Id.* at 5-8.) Defendants also provide the opinion of their own expert, Mr. Daniel Havekost, a licensed architect, who allegedly opines that the appropriate standard of care for Defendants is that of an unlicensed drafting firm. (*Id.* at 5, ¶ e.)

In response, the Hubbells first challenge the use of both parties' unsworn expert reports and their own interrogatory response because they allegedly do not comply with Rule 56(e).[FN5] The Hubbells also dispute that their expert "opines that [Teamcorp] should be held to the standard of care of a licensed architect." (Doc. # 513, Defs.' Mot. Summ. J. at 4, ¶ d; Doc. # 533 at 3, ¶ 4[d].) Significantly, the Hubbells do not provide any clarification as to what their expert's opinion allegedly is; they simply dispute that it evinces the standard of care of a licensed architect. Because there is allegedly conflicting testimony here, the Hubbells contend the issue should be left for determination by the jury.

> FN5. The Court overrules the Hubbells' evidentiary objections. First, it is well-settled that answers to interrogatories can be considered on a motion for summary judgment. In fact, the 1963 amendment to Rule 56 codified the former practice. H.B. Zachry Co. v. O'Brien, 378 F.2d 423, 425 (10th Cir.1967). Second, statements in the parties' expert reports can be considered at summary judgment because they can be "presented in a form that would be admissible in evidence", namely through the experts' testimony. Fed.R.Civ.P. 56(c)(2) (effective Dec. 1, 2010.)

However, the Hubbells have not shown that there is in fact a conflict between the parties' expert's opinions. First, the parties agree that whatever the Hubbells' expert's opinion may be, it is not that Defendants should be held to the standard of care of a licensed architect. Additionally, the Hubbells have not pointed the Court to the opinion of **any** expert demonstrating that Defendants should be held to the standard of care of a licensed architect or engineer. In order to survive Defendants' motion for partial summary judgment, they are required to do so. The Court, therefore, grants Defendants' motion.[FN6]

> FN6. The Court also notes that allowing the Hubbells to hold Defendants to the standard of care of a licensed professional would be inconsistent with Colo.Rev.Stat. § 13-20-602. As discussed previously, the purpose of filing a certificate of review for claims involving negligence of a licensed professional is to ensure that a licensed professional-expert has concluded a the claims have merit. If the court were to deny Defendants' motion, it would in effect allow the Hubbells to hold Defendants to the standard of care of a licensed professional without requiring their claims be subject to a merit evaluation by a licensed professional. This would defeat the purpose of the certificate of review filing requirement.

### IV. CONCLUSION

*5 Accordingly, for the foregoing reasons it is

ORDERED that Third-Party Defendants Teamcorp, Inc. d/b/a Draft Tek and Kerry Karnan's Motion for Summary Judgment (Doc. # 514) is DENIED. The Court finds that a certificate of review is not required against Defendants because the Hubbells' claims are based on Defendants' own conduct and Defendants are not licensed professionals. It is further

ORDERED that Plaintiffs' Motion to Strike Teamcorp/Karnan's Summary-Judgment Reply (Doc. # 543) or for Alternative Relief" (Doc. # 550) is

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5109984 (D.Colo.)
**(Cite as: 2010 WL 5109984 (D.Colo.))**

GRANTED IN PART and DENIED IN PART. The Court grants the Hubbells' motion with respect to the newly raised theory of the effect of Lincicome's stamp on Defendants' liability, but denies the motion in all other respects. It is further

ORDERED that Third-Party Defendants Teamcorp, Inc. d/b/a Draft Tek and Kerry Karnan's Motion for Partial Summary Judgment Regarding the Standard of Care Applicable to Teamcorp d/b/a Draft Tek and Kerry Karnan (Doc. # 513) is GRANTED. Defendants shall not be held to the standard of care of a licensed architect or engineer.

D.Colo.,2010.
Hubbell v. Carney Bros. Const.
Slip Copy, 2010 WL 5109984 (D.Colo.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.