**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01546-REB-CBS

THE DIRECT MARKETING ASSOCIATION,

    Plaintiff,

v.

BARBARA BROHL, in her capacity as Executive Director,
COLORADO DEPARTMENT OF REVENUE,

    Defendant.

---

**MOTION TO ADMINISTRATIVELY REOPEN CASE, DISSOLVE INJUNCTION, AND DISMISS ALL CLAIMS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(h)(3)**

---

Defendant, Barbara Brohl, in her capacity as the Executive Director of the Colorado Department of Revenue, files this Motion to administratively reopen the case, dissolve the injunction, and dismiss all claims without prejudice pursuant to Federal Rules of Civil Procedure 12(h)(3), as follows:

<u>Certificate of Conferral pursuant to D.C.COLO.LCivR 7.1(a)</u>: The undersigned certifies that she conferred in good faith with opposing counsel via email regarding the relief requested herein. Opposing counsel stated they would not assent to the relief requested herein.

I. **The Tenth Circuit held that this Court lacks jurisdiction to enjoin Colorado's tax collection effort and ordered the injunction be dissolved and the Commerce Clause claims be dismissed.**

This case was administratively closed on April 4, 2013, during the pendency of Defendant's appeal to the U.S. Tenth Circuit Court of Appeals ("Tenth Circuit"). On October 9, 2013, the Tenth Circuit issued its mandate; in its decision, the Tenth Circuit held that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, divested this Court of jurisdiction over Counts I and II of Plaintiff's First Amended Complaint ("Commerce Clause claims"), filed on July 23, 2010 [Dkt.10]. *See Direct Mktg. Ass'n v. Brohl*, No. 12-1175, slip op. at 32 (10th Cir. Aug. 20, 2013), *petition for reh'g en banc denied*, No. 12-1175 (10th Cir. Oct. 1, 2013). The Tenth Circuit therefore remanded the case with instructions that Plaintiff's Commerce Clause claims be dismissed and that the permanent injunction entered against Defendant be dissolved. *Id.*

To carry out the Tenth Circuit's mandate, Defendant requests that this case be administratively reopened for the purpose of entering an order dissolving the permanent injunction and dismissing without prejudice Plaintiff's Commerce Clause claims. *See* D.C.COLO.LCivR 41.2 (case that is administratively closed may be reopened for good cause).

II. **Plaintiff's remaining claims must also be dismissed without prejudice.**

In addition to the Commerce Clause claims, Plaintiff's First Amended Complaint [Dkt. #10] also contains the following claims under 42 U.S.C. § 1983 and the United States Constitution: (1) violation of privacy, (2) violation of free speech, (3) violation of

2

due process, and (4) taking of property without due process of law (collectively, "Non-Commerce Clause claims").[1] As with their Commerce Clause claims, the remedy Plaintiff seeks through their Non-Commerce Clause claims is declaratory and injunctive relief precluding Defendant from enforcing the notice and disclosure requirements contained in section 39-21-112(3.5), C.R.S. and its implementing regulations, 1 C.C.R. § 201-1:39-21-112.3.5 (together, "Colorado Law"). *See* First Am. Compl. [Dkt. #10], pp. 22-36 (seeking declaratory and injunctive relief on each of the Non-Commerce Clause claims). Nowhere in its prayer for relief does Plaintiff request compensatory damages. Only declaratory and injunctive relief is sought.

Although only the Commerce Clause claims were on appeal before the Tenth Circuit, the appellate court's reasoning under the TIA applies to also divest this Court of jurisdiction over Plaintiff's Non-Commerce Clause claims. The Tenth Circuit summarized the TIA's jurisdictional bar as follows:

> A lawsuit seeking to enjoin state laws enacted to ensure compliance with and increase use tax collection, like DMA's challenge here, would "restrain" state tax collection. Such a lawsuit, if successful, would limit, restrict, or hold back the state's chosen method of enforcing its tax laws and generating revenue. Federalism concerns, which the TIA seeks to avoid, arise not only when a state tax is challenged in federal court, but also when the means for collecting a state tax are targeted there. The TIA's use of the term "restrain" allows federal courts to weed out lawsuits, such as DMA's, that attempt to undermine state tax collection.

*Direct Mktg. Ass'n*, No. 12-1175, slip op. at 17. Plaintiff's Non-Commerce Clause claims, if allowed to proceed in federal court, would likewise seek to restrain and

---

[1] Plaintiff previously dismissed voluntarily its privacy and free speech claims brought under the Colorado Constitution. *See* Plaintiff's Resp. In Opposition to Defendant's July 20, 2010, Motion to Dismiss Plaintiff's First Am. Compl. [Dkt. # 23], pp. 35-36.

undermine Defendant from state tax collection under Colorado Law. The TIA prevents this result.

Plaintiff is not left without a remedy. The Tenth Circuit noted Plaintiff has a plain, speedy and efficient remedy available in both the Colorado state courts and through the administrative protest process. *Id.* at 26-32. Indeed, Plaintiff has already filed a nearly identical Complaint in Colorado state court seeking declaratory and injunctive relief. *See Direct Mktg. Ass'n. v. Colo. Dep't of Revenue, et al.*, Denver District Court Case No. 13CV34855 (Compl. filed Nov. 4, 2013). *See also Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (holding under *Younger* abstention doctrine that federal courts should consider whether there is an ongoing state proceeding, whether it provides and adequate forum, and whether the state proceedings involve important state interests).

Federal Rule of Civil Procedure 12(h)(3) provides that if a court determines at any time that it lacks subject matter jurisdiction it must dismiss the action. Accordingly, because Plaintiff's Non-Commerce Clause claims seeking declaratory and injunctive relief are also barred by the TIA, Defendant requests they be dismissed without prejudice to Plaintiff's ability to bring the same claims in Colorado state court.

WHEREFORE, Defendant respectfully requests that this Court enter an Order administratively reopening the case, dissolving the permanent injunction, and dismissing all claims without prejudice, with each party to bear its own costs and attorneys' fees.

Respectfully submitted this 2nd day of December, 2013.

        JOHN W. SUTHERS
        Attorney General

        *s/ Melanie J. Snyder*
        MELANIE J. SNYDER, 35835*
        Deputy Attorney General
        STEPHANIE LINDQUIST SCOVILLE, 31182*
        JACK M. WESOKY, 6001*
        Senior Assistant Attorneys General
        1300 Broadway, 8th Floor
        Denver, CO 80203
        Telephone: (720) 508-6335 (Snyder)
        Telephone: (303) 508-6573 (Scoville)
        Telephone: (303) 508-6390 (Wesoky)
        Fax: (720) 508-6038
        E-mail: melanie.snyder@state.co.us
        E-Mail: stephanie.scoville@state.co.us
        E-Mail: jack.wesoky@state.co.us
        *Counsel of Record

        Attorneys for Defendant

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that on the 2nd day of December, 2013, a copy of the foregoing **MOTION TO ADMINISTRATIVELY REOPEN CASE, DISSOLVE INJUNCTION, AND DISMISS ALL CLAIMS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULES OF CIVL PROCEDURE 12(h)(3)** was, in addition to being electronically filed with the Clerk of the Court using the CM/ECF system, sent to the following e-mail addresses via the CM/ECF system:

gissacson@brannlaw.com
mschafer@brannlaw.com

*Counsel for Plaintiff*

                                        *s/ Jennifer Duran*