**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01546-REB-CBS

THE DIRECT MARKETING ASSOCIATION,

    Plaintiff,

v.

BARBARA BROHL, in her capacity as Executive Director, Colorado Department of Revenue,

    Defendant.

## ORDER CONCERNING REMAND ORDER & CROSS MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

    This matter is before me on the order of remand [#125][1] of the United States Court of Appeals for the Tenth Circuit. ***Direct Marketing Ass'n v. Brohl***, 814 F.3d 1129 (10th Cir. 2016). In its order of remand, the Tenth Circuit reversed my order [#105] granting the plaintiff's motion for summary judgment and remanded this case for further proceedings consistent with its order.

    In its opinion, the Tenth Circuit addressed my **Order Concerning Cross Motions for Summary Judgment** [#105] filed March 30, 2012. In that order, I addressed and resolved (1) **Plaintiff's Motion for Summary Judgment as to Counts I and II Alleging Violations of the Commerce Clause** [#98]; and (2) **Defendant's Motion for Partial Summary Judgment - Counts I and II (Commerce Clause)** [#99],

---

[1] "[#125]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

both filed May 6, 2011.  Based on the remand order, I must re-address these two motions for summary judgment.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II.  ANALYSIS

The plaintiff asserted in its **First Amended Complaint** [#10] and argued in its motion for summary judgment that a Colorado statute and its implementing regulations violate the Commerce Clause of the Constitution of the United States.  ***U.S. Const.***, art. I, § 8.  The plaintiffs challenged §39-21-112(3.5), C.R.S. (2010) (the Act) and 1 Colo. Code Regs. § 201-1:39-21-112.3.5 (2010) (the Regulations).  In general, the Act and the Regulations require retailers that sell products to customers in Colorado, but do not collect and remit Colorado sales tax on those transactions, to report certain information about the customers' purchases from the retailer to each customer and to the Colorado Department of Revenue.  The Commerce Clause claims of the plaintiff are based on the so-called dormant Commerce Clause.  In my order [#105], I granted the plaintiff's motion for summary judgment [#98].  I entered a declaratory judgment declaring that the key requirements of the Act and the Regulations violate the Commerce Clause. Further, I entered a permanent injunction enjoining the enforcement of the Act and the Regulations.  The injunction was based on my conclusion that the Act and the Regulations violate the Commerce Clause.

The defendant argued in her motion for summary judgment [#99] that the Act and the Regulations do not violate the Commerce Clause.  The defendant sought a judgment that the Commerce Clause claims of the plaintiff are invalid.  I denied the motion for summary judgment of the defendant.

In its opinion [#126] addressing the merits of the Commerce Clause claims, the Tenth Circuit held that the Act and the Regulations do not violate the dormant Commerce Clause because they do not discriminate against or unduly burden interstate commerce. *Direct Marketing Ass'n*, 814 F.3d at 1147. Given that holding, I must vacate my order [#105] granting the plaintiff's motion for summary judgment [#98]. In addition, based on the holding of the Tenth Circuit, I must vacate my order [#105] denying the motion for summary judgment [#99] of the defendant. Based on the holding of the Tenth Circuit in *Direct Marketing Ass'n*, I must, instead, grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment. The holding of the Tenth Circuit is clear, and no further analysis of these issues is necessary.

I note two procedural points. First, in an earlier ruling in this case, the Tenth Circuit held that the Tax Injunction Act strips federal courts of jurisdiction over the Commerce Clause claims of the plaintiff. *Direct Marketing Ass'n v. Brohl*, 735 F.3d 904, 909 (2013) (citing 28 U.S.C. § 1341), *rev'd* ___ U.S. ___, 135 S.Ct. 1124 (2015). Reacting to the 2013 ruling of the Tenth Circuit, I entered an order [#118] dissolving the injunction prohibiting enforcement of the Act and the Regulations.[2] In subsequent proceedings, the injunction was never revived. Thus, at this point, there is no need to dissolve the injunction.

Second, after the first remand by the Tenth Circuit, the plaintiff dismissed its non-Commerce Clause claims without prejudice. *Order* [#121]. The only claims now pending in this case are the plaintiff's two Commerce Clause claims. This order

---

[2] Addressing the jurisdiction issue, the Supreme Court of the United States held that the Tax Injunction Act does not bar the plaintiff's Commerce Clause claims. *Direct Marketing Ass'n v. Brohl*, ___ U.S. ___, ___, 135 S.Ct. 1124, 1134 (2015).

resolves the two remaining Commerce Clause claims in a manner consistent with the holding of the Tenth Circuit in *Direct Marketing Ass'n v. Brohl*, 814 F.3d 1129 (10th Cir. 2016).

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That my **Order Concerning Cross Motions for Summary Judgment** [#105] is vacated;

2.  That the **Plaintiff's Motion for Summary Judgment as to Counts I and II Alleging Violations of the Commerce Clause** [#98] is denied;

3.  That the **Defendant's Motion for Partial Summary Judgment - Counts I and II (Commerce Clause)** [#99] is granted;

4.  That judgment shall enter in favor of the defendant against the plaintiff on the claims for relief asserted by the plaintiff in Counts I and II of the **First Amended Complaint** [#10];

5.  That the defendant is awarded her costs to be taxed in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6.  That this case is closed.

Dated November 1, 2016, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

4